STATE v. RAY DENNIS MORGAN.

(Filed 10 November, 1965.)

APPEAL by defendant from *Brock, S.J.,* March Session 1965 of STANLY.

The defendant was charged in a bill of indictment, the first count in which charged that he unlawfully, wilfully and feloniously did break and enter a storehouse, shop, or warehouse occupied by E. H. Love and Roy L. Furr, trading as Wade H. Love Company, with intent to steal, take and carry away the merchandise, chattels, money, and valuables of the aforesaid firm; and in the second count defendant was charged with the larceny of certain items of merchandise from the storehouse of the above firm of the value of less than $200.00.

Defendant entered a plea of guilty. Before accepting such plea, the court inquired of defendant as to whether or not he understood the nature and consequences of the offenses charged, to which defendant answered that he did. Defendant then stated that he had counsel and that he was under no duress or coercion. Upon being satisfied that defendant's rights had been protected, the judge accepted defendant's plea of guilty.

The State's sole evidence consisted of that of Jack Richardson, an S.B.I. agent, who testified that defendant made a confession and admitted the crimes charged.

Judgment was entered on the charge of breaking and entering, that defendant be confined in the State's Prison for a period of not less than two nor more than four years; on the second, or larceny,

count, defendant was given a similar sentence, the latter sentence to begin at the expiration of the sentence imposed on the breaking and entering count.

Defendant gave notice of appeal and requested the court to appoint counsel to perfect his appeal. The court appointed his trial counsel to perfect his appeal in *forma pauperis*.

*Attorney General Bruton, Staff Attorney Charles E. Clement for the State.*

*Charles H. McSwain for defendant.*

PER CURIAM. Defendant's sole contention on this appeal is that the sentences imposed in the court below were excessive and harsh and, as he put it, "unwarranted by the true spirit of the statute."

Under the provisions of G.S. 14-54, the crime charged in the first count, to which defendant pleaded guilty, is punishable by a sentence in prison of four months to ten years.

The crime charged in the second count in the bill of indictment, to wit, larceny of property from a storehouse, with felonious intent, *et cetera*, is a felony as at common law, without regard to the value of the property stolen. *S. v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91.

The court below could have imposed a maximum sentence of ten years on each count.

There is no merit in defendant's contention, and the sentences imposed by the court below will be upheld.

Affirmed.