STATE v. SONNY PARKER, JR.

(Filed 12 October, 1966.)

**1. Criminal Law § 101—**

The duty of the court in passing upon the sufficiency of circumstantial evidence is merely to determine whether there is any substantial evidence of defendant's guilt of every essential element of the offense charged, it being for the jury and not the court to determine whether the evidence establishes defendant's guilt beyond a reasonable doubt and excludes every reasonable hypothesis of innocence; nevertheless, every inference raised by circumstantial evidence must stand upon clear, and direct evidence and may not be based on another inference or presumption.

**2. Burglary and Unlawful Breakings § 4;    Larceny § 5—**

Defendant's possession of merchandise which had been taken by the breaking and entering of a store raises a presumption of defendant's guilt of larceny and of breaking and entering.

**3. Same—    There being no direct evidence that defendant was the possessor of recently stolen property, the circumstantial evidence of guilt was insufficient to be submitted to the jury.**

The evidence established that a store had been broken into by the breaking of glass of the door, and that five suits of clothes, established as in the proprietor's possession by inventory some four days prior to the breaking, were missing. There was testimony that a person, apprehended by a railroad agent on railroad tracks on the night shortly after the offense, dropped something, that the agent gave chase but failed to catch such person, that a railroad watchman found one suit of clothes, later identified as one of the five suits taken from the store, on the tracks, that the agent and the watchman then apprehended defendant walking up the tracks from the direction from which the agent had chased the unidentified figure, that defendant had meal and grain on his clothing such as could be found at the place where the unidentified person had eluded the agent, and that defendant had his hand cut and there was blood on the coat hanger found with the suit of clothes. *Held:* There was no direct and clear evidence placing the stolen goods in the possession of defendant, and defendant's motion for nonsuit should have been allowed.

---

---

APPEAL by defendant from *McLean, J.,* March 1966 Criminal Session of MECKLENBURG.

Defendant was tried before a jury on an indictment charging him with breaking and entering a building occupied by Robert Hall Clothing Store, a corporation, in the City of Charlotte, and larceny therefrom of property valued at less than $200, a suit of clothing.

The State offered evidence substantially as follows: An employee testified that on the night of 28 January 1966 he had closed the store at 9:35 and had locked the doors himself. In response to a call from the police, he returned to the store at 3:00 A.M. that same night and found that two of the front glass doors had been broken through; that there was broken glass and spots of blood on the inside floor; and that upon an inventory taken shortly thereafter it was found that five suits were missing. The last regular inventory had been taken four days prior to the date of the breaking and entering.

Another witness for the State, Neal Hartis, testified that he was an agent of Southern Railroad and that on the night of 28 January 1966 at around 11 o'clock he was in his car checking boxcars on the railroad in the vicinity of where the tracks cross 11th Street in the City of Charlotte. While driving across the tracks on 11th Street he looked down the tracks towards 10th Street and noticed a man walking up the tracks towards him, carrying something. When he flashed his light towards the figure, the man dropped what he was carrying, turned, and ran in the direction of 10th Street. Hartis drove around the block and intercepted the man before he reached 10th Street and gave chase up the tracks towards 11th Street. Before he could apprehend him, the man disappeared between two buildings and was thought to have gone down a hole under one of the buildings. Hartis then walked up the tracks to where he first observed the man and found a railroad watchman standing there holding a suit of clothes he had just found on the railroad tracks. This suit was later identified as one of the suits missing from the clothing store. While he and the watchman were standing there talking, he observed the defendant walking up the tracks from the direction in which he had chased the unidentified figure. Hartis at that time apprehended the defendant and found that his hand was cut and that he had meal and grain on his clothing such as could be found on the ground around the building where the unidentified figure had disappeared.

Hartis testified on cross-examination that he could not say beyond a reasonable doubt that the defendant was the man he had previously chased. There was testimony that the coat hanger found

with the suit of clothes had blood on it. There was further corroborating testimony.

No evidence was presented which tended to place defendant nearer than one block to the clothing store, nor was there any direct evidence that defendant ever had control or possession of the suit of clothes.

Defendant offered no evidence.

The jury returned a verdict of guilty as to both counts. Judgment was entered thereon giving defendant nine to ten years on the first count and one year on the second. From said judgment the defendant appeals, assigning as error (1) the refusal of the trial court to grant his motion for judgment as of nonsuit, and (2) the refusal of the trial court to grant his motion to set aside the verdict.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*W. Herbert Brown, Jr., for defendant appellant.*

BRANCH, J. Defendant's principal assignment of error challenges the sufficiency of the evidence to go to the jury and sustain the verdict. This is, admittedly, a case of circumstantial evidence. The rule in respect to the sufficiency of circumstantial evidence to carry a case to the jury has been clearly and succinctly stated by Higgins, J., in *State v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431, as follows:

> "We are advertent to the intimation in some of the decisions involving circumstantial evidence that to withstand a motion for nonsuit the circumstances must be inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt. We think the correct rule is given in *S. v. Simmons,* 240 N.C. 780, 83 S.E. 2d 904, quoting from *S. v. Johnson,* 199 N.C. 429, 154 S.E. 730: 'If there be any evidence tending to prove the fact in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury.' The above is another way of saying there must be substantial evidence of all material elements of the offense to withstand the motion to dismiss. It is immaterial whether the substantial evidence is circumstantial or direct, or both. To hold that the court must grant a motion to dismiss unless, in the opinion of the court, the evidence excludes every reasonable hypothesis of innocence

would in effect constitute the presiding judge the trier of the facts. Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury. (Citing cases)."

This case was quoted with approval by Parker, C.J., in the case of *State v. Roux,* 266 N.C. 555, 146 S.E. 2d 654.

We must simply determine whether there is substantial evidence against the defendant of every essential element that goes to make up the offense charged.

The defendant is charged with breaking and entering with intent to commit a felony and larceny of property of the value of less than $200.

There is ample evidence that the store building occupied by Robert Hall Clothing Store was feloniously broken into and entered on the 28th day of January 1966, and that property was stolen therefrom.

It is a well recognized legal principle in North Carolina that: "If and when it is established that a store has been broken into and entered and that merchandise has been stolen therefrom, the recent possession of such stolen merchandise raises presumptions of fact that the possessor is guilty of the larceny *and* of the breaking and entering." *State v. Allison,* 265 N.C. 512, 144 S.E. 2d 578.

In the case of *State v. Holbrook,* 223 N.C. 622, 27 S.E. 2d 725, Chief Justice Stacy, in discussing this principle, stated:

" 'The presumption that the possessor is the thief which arises from the possession of stolen goods is a presumption of fact and not of law, and is strong or weak as the time elapsing between the stealing of the goods and the finding of them in the possession of the defendant is short or long. This presumption is to be considered by the jury merely as an evidential fact, along with the other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt. The duty to offer such explanation of his possession as is sufficient to raise in the mind of the jury a reasonable doubt that he stole the property, or the burden of establishing a reasonable doubt as to his guilt, is not placed on the defendant, however recent the possession by him of the stolen goods may have been' — Schenck, J., in *S. v. Baker,* 213 N.C. 524, 196 S.E. 829."

In the instant case we have no direct evidence that the defendant was in "recent possession" of the stolen property. A period of four days had elapsed since the stolen property had been definitely placed in the possession of Robert Hall Clothing Store. There was no evidence placing defendant in the store at the time of the breaking and entering. The State relied on the theory of "recent possession" and upon the existence of unidentified and unclassified blood on the suit, the suit hanger, and at the scene of the crime. The strongest evidence revealed in the record placing the alleged stolen property in the possession of the defendant was by a witness who testified, in effect, that he saw "a person who looked just like the defendant drop *something* on the tracks." The witness further said, "I am not for sure that this defendant was the man I shined my lights on," and "(I) cannot say beyond a reasonable doubt that the defendant was the man I shined my lights on on this occasion." Another person later found the suit, which was identified as belonging to Robert Hall Clothing Store. We might here observe that the record shows that five suits were missing from Robert Hall Clothing Store and only one was found in the vicinity where the defendant was apprehended. None of the other suits were accounted for in the record. There was no direct and clear evidence placing the stolen goods in the possession of defendant.

"A basic requirement of circumstantial evidence is reasonable inference from established facts. Inference may not be based on inference. Every inference must stand upon some clear and direct evidence, and not upon some other inference or presumption. (Citing cases)." *Lane v. Bryan,* 246 N.C. 108, 97 S.E. 2d 411.

After a careful examination of the record and applying the well established rules of law, we conclude that the evidence is insufficient to support the indictments, and that the defendant's motion for nonsuit should have been allowed.

We deem it unnecessary to consider the defendant's other assignment of error.

Reversed.