STATE OF NORTH CAROLINA v. JOHNNY REUBEN JONES

No. 6818SC448

(Filed 15 January 1969)

1. **Criminal Law § 158— appeal and error — presumption as to matters omitted — the charge**

Where the charge is not before the court on appeal, it is presumed that the trial court correctly and adequately charged the jury on the law and evidence in the case.

2. **Criminal Law § 124— guilty verdict on one count**

A verdict of guilty which refers to one of the counts in a bill of indictment, but not to all, amounts to an acquittal on the counts not referred to.

3. **Larceny § 5— presumption arising from possession of recently stolen property**

Evidence that defendant was in possession of stolen property shortly after the property was stolen raises a presumption of defendant's guilt of larceny of such property.

4. **Larceny § 10— sentence**

In prosecution upon indictment charging the larceny of property of a value in excess of $200 by breaking and entering a storehouse, trial court is authorized to impose sentence of three years imprisonment upon verdict that defendant was guilty as charged in the bill of indictment.

**5. Larceny § 10— felonious larceny — punishment**

Larceny of any property of another of any value after breaking and entering, and larceny of property of more than $200 in value, are felonies, each of which may be punishable by imprisonment for as much as ten years.

**6. Criminal Law § 124— consistency of verdict**

It is not required that the verdict be consistent.

**7. Criminal Law § 124; Larceny § 9— return of inconsistent verdict**

Defendant was charged in one count with felonious breaking and entering and in the second count with larceny of property of a value in excess of $200 by breaking and entering a storehouse. The jury's verdict was not guilty of the first count of felonious breaking and entering but was guilty of the second count as charged in the indictment. *Held:* Mere inconsistency will not invalidate the verdict.

APPEAL by defendant from *Crissman, J.,* 3 June 1968 Criminal Session of Superior Court of GUILFORD County, High Point Division.

Defendant on his plea of not guilty was tried by a jury on a bill of indictment charging him with the felonies of housebreaking, larceny, and receiving.

The jury returned a verdict of not guilty as to the first count of breaking and entering and guilty as charged on the second count in the bill of indictment. The second count charged the larceny, after breaking and entering, of one Craftman electric drill, one Black-Decker electric screwdriver, and one air nailing machine, the property of Wesley Lovett valued in excess of two hundred dollars.

From a judgment of imprisonment for a term of three years in the State Prison, defendant appeals, assigning error.

*Attorney General T. W. Bruton and Staff Attorney Andrew A. Vanore, Jr., for the State.*

*Sammie Chess, Jr., for the defendant appellant.*

MORRIS, J.

Defendant assigns as error and contends that the trial court committed error in denying defendant's motion for judgment as of nonsuit. When the evidence is considered in the light most favorable to the State, as we are required to do, *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741, we are of the opinion that there was ample evidence for submission of the case to the jury.

The State offered evidence which in substance tends to show that the defendant and two other persons unlawfully entered the place of business of the prosecuting witness in High Point, on the date alleged, and that property of the prosecuting witness was taken therefrom of the value of over two hundred dollars. The actual breaking was done by the other two persons. The property taken included tools, wrenches, and some money. The defendant, "shortly" after the larceny of the property, was in possession thereof and gave to the investigating officers some of the tools of the value of over two hundred dollars which had been stolen on that occasion. Defendant received some money that had been stolen from the place of business. The defendant was charged with the larceny of some of the property taken but was not charged with the larceny of any money.

The defendant offered evidence which in substance tends to show that at the time alleged he was drunk and took no part in the breaking, entering, or larceny. The property stolen on this occasion from Mr. Lovett's building was stolen by defendant's brother and another person, and they hid the tools, which the defendant later recovered and gave to the officers.

[1, 2] The conflict in the evidence was for the jury. The jury has held against the defendant. The charge of the court was not excepted to and is not before us. When there is no exception to the charge, it is presumed that the court correctly and adequately charged the jury on the law and evidence in the case. *State v. Staten,* 271 N.C. 600, 157 S.E. 2d 225; *Long v. Honeycutt,* 268 N.C. 33, 149 S.E. 2d 579. While there was no mention in the record as to what disposition was made of the count of receiving, the rule is that when a verdict of guilty refers to one of the counts in a bill of indictment, but not to all, that upon the acceptance of the verdict it amounts to an acquittal on the counts not referred to. 3 Strong, N. C. Index 2d, Criminal Law, § 124.

[3] Defendant contends that there was a variance between the indictment and proof in that the evidence shows that the defendant got some of the stolen money but that he was not charged with the larceny of the money. This contention is without merit. The evidence shows that the defendant was in possession of the property "shortly" after it was stolen. The doctrine of recent possession is applicable. *State v. Allison,* 265 N.C. 512, 144 S.E. 2d 578; *State v. White,* 196 N.C. 1, 144 S.E. 299.

[4] The defendant also contends that "the State would have to show that what the defendant received amounted to more than

$200.00 before the court could pronounce a sentence of 3 years which is more than allowed for a misdemeanor." This contention is also without merit. The jury found the defendant not guilty of the first count of breaking and entering, but on the second count the verdict was "guilty as charged in the bill of indictment." In the second count it is charged that on the date alleged the defendant, "after having unlawfully, wilfully and feloniously broken into and entered a certain storehouse, shop, warehouse, dwelling house, banking house, countinghouse and building occupied by one Wesley Lovett, trading and doing business as J & W Frame Works with intent to steal, take and carry away the merchandise, chattels, money, valuable securities and other personal property located therein, one Craftman electric drill, valued at $60.00; a Black-Decker Electric screwdriver, valued at $50.00; one air nailing machine, valued at $200.00 of the total value of Three Hundred Ten and No/100 dollars, of the goods, chattels and moneys of the said Wesley Lovett, trading and doing business as J & W Frame Works then and there being found unlawfully, wilfully and feloniously did steal, take and carry away, contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State."

**[5]**    Larceny of any property of another of any value after breaking and entering in violation of G.S. 14-54 is a felony. The larceny of property of the value of more than two hundred dollars is also a felony. G.S. 14-72. The felony of larceny may be punishable by imprisonment for as much as ten years. *State v. Morgan,* 265 N.C. 597, 144 S.E. 2d 633.

**[6, 7]**    There was an intimation but no specific contention in the brief that the verdicts on the first and second counts were inconsistent. However, the rule with respect to inconsistent verdicts on different counts in a bill of indictment is succinctly stated in 3 Strong, N. C. Index 2d, Criminal Law, § 124, as follows:

> "It is not required that the verdict be consistent; therefore, a verdict of guilty of a lesser degree of the crime when all the evidence points to the graver crime, although illogical and incongruous, or a verdict of guilty on one count and not guilty on the other, when the same act results in both offenses, will not be disturbed."

The Supreme Court in an opinion written by Justice Barnhill (Later C.J.) in the case of *State v. Davis,* 214 N.C. 787, 1 S.E. 2d 104, said: "In any event, a jury is not required to be consistent and mere inconsistency will not invalidate the verdict."

In *Grant v. United States,* 255 F. 2d 341 (6th Cir. 1958), it is said: "When at the same trial, a jury renders inconsistent verdicts of acquittal and conviction, the inconsistency is immaterial and the conviction will stand." Also in *Dunn v. United States,* 284 U.S. 390, 76 L. Ed. 356 (1931), Mr. Justice Holmes, speaking for the Court, said: "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment."

The judgment of the Superior Court is

Affirmed.

MALLARD, C.J., and CAMPBELL, J., concur.