## STATE OF NORTH CAROLINA v. JACK JAMES JORDAN

### No. 7018SC32

### (Filed 27 May 1970)

1. **Criminal Law § 166— abandonment of assignment of errors**

   Assignment of error not brought forward and argued in defendant's brief is deemed abandoned. Court of Appeals Rule No. 28.

2. **Criminal Law § 76— admission of confession — findings by trial court**

   Defendant's confession was properly admitted in evidence where, after an extensive *voir dire* hearing, the trial court found as a fact that defendant was properly warned of his constitutional rights and that the statements made by him were freely and voluntarily made, and there was sufficient competent evidence to support the findings of fact.

3. **Criminal Law §§ 33, 42; Burglary and Unlawful Breakings § 10— confession renders articles admissible against defendant**

   In this prosecution for breaking and entering, larceny, possession of burglary tools, and safecracking, defendant's confession sufficiently connected defendant with the safe door and with tools dropped by a passenger who fled from defendant's car to render them admissible in evidence against defendant.

4. **Searches and Seizures § 1; Criminal Law § 84— search of car without warrant — seizure of burglary tools**

   The warrantless seizure of burglary tools and other articles from defendant's car was lawful, and the tools and other articles were properly admitted in the trial of defendant for possession of burglary tools, where (1) defendant had been stopped and placed under arrest for running a red light, (2) a passenger in defendant's car had fled when officers approached, (3) the arresting officer observed burglary tools lying on the floorboard of the car and charged defendant with possession thereof, and (4) other articles admitted in evidence were thereafter discovered by search of the glove compartment.

5. **Criminal Law § 118— exception to statement of contentions — failure to object at trial**

   Exceptions to portions of the charge wherein the court stated the contentions of the parties will not be considered on appeal where no objection was made at the time they were given.

6. **Criminal Law § 163— broadside exception to charge**

   Assignment of error based upon exception to the entire charge is broadside and ineffective.

MALLARD, C.J., dissenting.

APPEAL by defendant from *Burgwyn, E.J.,* 26 May 1969 Session of GUILFORD Superior Court.

Defendant was charged in three separate bills of indictment with breaking and entering and larceny and receiving, possession of burglary tools and safecracking. The cases were consolidated for trial. The evidence for the State tended to show that on the morning of 28 March 1969 at approximately 3:20 a.m. two Greensboro police officers observed defendant's car occupied by the defendant and another white male and decided to check it out. After the police officers turned their car around, they witnessed the defendant's car run a red light at a high rate of speed and decided to give chase. About one block after running the red light, defendant's car slowed abruptly and the passenger jumped from the car and began running, dropping something to the ground as he ran. Officer Hightower jumped from the police car and began running after the passenger but was unable to catch him. After he lost sight of the person he was chasing, he returned to the area where the person had dropped something and found a small screwdriver, a pair of metal cutters, an adjustable wrench, a pair of brown cloth work gloves, a tool pouch containing punches and chisels and a brace and bit. He picked these items up and returned to the defendant's car where the defendant was standing with Officer Cooper outside the car. He then saw some other tools and a pistol lying in the floorboard of the car. The pistol was partially hidden under the front seat. The tools were visible from outside the car and included two metal flashlights, a pair of brown cloth work gloves, a metal pry bar about 18 inches long, a small crowbar about 12 inches long, and a large screwdriver about 13 inches long. At this time Officer Hightower placed defendant under arrest for illegal possession of burglary tools and carrying a concealed weapon. Officer Cooper had already arrested the defendant for running a red light. Officer Hightower then proceeded to search the glove compartment of the car and discovered approximately $50 in currency and change, a partially empty bottle of Vodka, a .22 calibre bullet, and a small punch. Some of the coins were in a wrapper marked "Florida Street Baptist Church". Officer Hightower also searched the trunk of the car but discovered nothing pertinent to this case. During this time the defendant was advised of his constitutional rights and right to counsel by both police officers. Defendant was placed in the back seat of the police car with Officer Cooper and taken to the police station. Officer Cooper testified that on the way to the police station the defendant told him that he wanted a lawyer. Defendant asked to use the telephone upon arrival at the police station and was permitted to make a call, which call was placed to his sister. Later the same morning the police department discovered that the Florida Street Baptist Church had been broken into during the

night, the safe broken open and approximately $50 stolen. During the trial, which included a rather extensive *voir dire* examination by the court, five police officers testified that they had individually, at different times, advised the defendant that he had the right to remain silent, that anything he said could and would be used against him, that he had the right to counsel and that the court would appoint one for him if he could not afford one. The three officers not in on the arrest testified that after they had advised the defendant of his rights at the police station, the defendant confessed the crime to each of them. The State introduced into evidence the items found in the car and the items found which were dropped by the fleeing passenger.

The defendant offered no evidence. The jury returned a verdict of guilty as to each charge and the defendant was sentenced to serve not less than five years nor more than ten years for the breaking and entering count, not less than five years nor more than ten years for the larceny count, not less than ten years nor more than twenty years for the safecracking count and ten years for the possession of burglary tools count. The breaking and entering and larceny sentences are to run consecutively and the safecracking and possession of burglary tools sentences are to run concurrently and at the expiration of the sentences for breaking and entering and larceny sentences.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Hubert E. Seymour, Jr., for defendant appellant.*

MORRIS, J.

Defendant's court-appointed counsel requested and received an extension of time within which to docket his case on appeal but failed to docket the case within the extension period. This Court has nevertheless decided to review the case on its merits.

[1]   Defendant's first assignment of error is directed to the failure of the trial court to allow his motion to quash the bills of indictment. This assignment of error was not brought forward and argued in defendant's brief and it is, therefore, deemed abandoned. Rule 28, Rules of Practice of the Court of Appeals of North Carolina.

[2, 3]   By assignments of error Nos. 3, 4 and 5 defendant contends that it was error to admit evidence of his confession and that it was error to allow the introduction of the exhibits dropped by the

fleeing passenger and the safe door, because, without the confession, there was no evidence connecting defendant with these exhibits. Defendant urges that the confession was involuntary and under threat and after he had been denied counsel. The evidence is to the contrary. Defendant did not offer evidence on the *voir dire* examination. There was plenary evidence that defendant was adequately warned by more than one officer of his constitutional rights both at the time of the arrest and later. There is evidence that defendant made a request for a lawyer to one officer while en route to the police station. There is also evidence that he requested permission to use the telephone, that this request was granted, and he did use the telephone. There is no evidence that his request for a lawyer was ever repeated. After an extensive *voir dire*, the trial court found as a fact that defendant was properly warned of his constitutional rights, and the statements made by him were freely and voluntarily made. There is sufficient competent evidence to support the findings of fact and they are conclusive. *State v. Bell*, 270 N.C. 25, 153 S.E. 2d 741 (1967); *State v. Gray*, 268 N.C. 69, 150 S.E. 2d 1 (1966), cert. den. 386 U.S. 911, 17 L. Ed. 2d 784, 87 S. Ct. 860 (1967). We hold the statements of defendants to the officers were properly admitted. It follows, of course, that the exhibits which defendant argues could not otherwise be connected to him were properly admissible.

[4] Assignment of error No. 2 is directed to the admission of evidence obtained by Officer Hightower's search of the car. Defendant contends that the search was illegal because made without a search warrant, was not about the person of the defendant and not incident to a valid arrest. The conviction of defendant's passenger was affirmed by this Court [*State v. McCloud*, 7 N.C. App. 132, 171 S.E. 2d 470 (1970)] and by the Supreme Court [*State v. McCloud*, 276 N.C. 518, 173 S.E. 2d 753 (1970)]. The same question was there raised. The majority opinion was written by Branch, J. The dissenting opinion of Sharp, J., in which Bobbitt, C.J., joined was not directed to this question. We quote from the majority opinion of the Court:

> "Defendant assigns as error the admission into evidence of the tools and other exhibits taken from the Jordan automobile.
>
> The admission of defendant's confession destroys his contention that the evidence does not connect him with the exhibits offered in evidence. Thus the basic question presented by this assignment of error is whether the tools and exhibits were obtained by an unlawful search and seizure.

Search of a motor vehicle made in connection with a lawful arrest for a traffic violation is lawful when it is a contemporaneous search for the purpose of finding property, the possession of which is a crime, *i.e.*, burglary tools. Such search must be based on a belief reasonably arising from the circumstances that the motor vehicle contained the contraband or other property lawfully subject to seizure. *State v. Bell*, 270 N.C. 25, 153 S.E. 2d 741; *People v. Lopez,* 60 Cal. 2d 223, 384 P. 2d 16; *State v. Boykins*, 50 N.J. 73, 232 A. 2d 141; *Welch v. U. S.*, 361 F. 2d 214.

Seizure of contraband, such as burglary tools, does not require a warrant when its presence is fully disclosed without necessity of search. *State v. Giles*, 254 N.C. 499, 119 S.E. 2d 394; *State v. Bell, supra; Goodwin v. U. S.*, 347 F. 2d 793; *U. S. v. Owens*, 346 F. 2d 329; *State v. Durham*, 367 S.W. 2d 619. See also 10 A.L.R. 3d 314, for a full note and collection of cases concerning lawfulness of search of a motor vehicle following arrest for traffic violation.

In the instant case the owner of the automobile was lawfully under arrest. The arrest was accompanied by the extraordinary behavior of the passenger fleeing upon approach of the officers. After the driver's arrest, the contraband articles were observed, without necessity of search, lying on the floorboard of the automobile. Upon observing these articles, defendant was further charged with unlawful possession of burglary tools. Thereupon the officers immediately conducted further search and found other articles in the glove compartment. The further search was clearly based upon a belief reasonably arising from the circumstances that the motor vehicle contained other property subject to lawful seizure.

We note that the Court of Appeals questions the standing of defendant to raise objection to the search of Jordan's automobile, on the basis that defendant had no property right in the place alleged to have been invaded. We agree with the Court of Appeals that it is not necessary to decide this question since the search without warrant was legal. However, it should be noted that the long-recognized property right concept in relation to search and seizure has been greatly eroded by recent Federal decisions. *Jones v. U. S.*, 362 U.S. 257, 4 L. Ed. 2d 697; *Katz v. U. S.*, 389 U.S. 347, 19 L. Ed. 2d 576; *Mancusi v. DeForte*, 392 U.S. 364, 20 L. Ed. 2d 1154; *Bumper v. State of North Carolina*, 391 U.S. 543, 20 L. Ed. 2d 797."

Upon authority of *McCloud*, this assignment of error is overruled.

The overruling of assignments of error Nos. 2, 3, 4 and 5 *ipso facto* overrules assignments of error Nos. 6 and 10 which are based upon the alleged illegality of the search and inadmissibility of the confession.

**[5, 6]** Defendant's remaining assignments of error are directed to the court's charge to the jury. These assignments of error are based on exceptions Nos. 11 — 16. Exceptions Nos. 11 — 15 are to portions of the charge wherein the court stated the contentions of the parties. No objection thereto was made at the time they were given, objection being made for the first time on appeal, a procedure not approved by our Supreme Court. *State v. Baldwin,* 226 N.C. 295, 37 S.E. 2d 898 (1946). Additionally, the contentions stated are supported by competent evidence. *State v. Burnette,* 242 N.C. 164, 87 S.E. 2d 191 (1955). Exception No. 16 is to the entire charge. The assignments of error based on this exception state that the court failed to charge the jury on the law of search and seizure and voluntary confessions. The legality of the search and the voluntariness of the confession were questions of law which had already been determined by the court and were not questions for determination by the jury. The exception is broadside and ineffective. *Light Co. v. Smith,* 264 N.C. 581, 142 S.E. 2d 140 (1965).

Affirmed.

VAUGHN, J., concurs.

MALLARD, C.J., dissenting.

I agree with the majority opinion that the recent decision of *State v. McCloud* holds that the search without a warrant of the glove compartment of defendant's automobile was legal and the evidence obtained thereby admissible. However, that opinion does not discuss *Chimel v. State of California,* 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034, decided by the United States Supreme Court on 23 June 1969. It seems to me that application of the principles enunciated in *Chimel* to the facts of this case would necessarily result in the granting of a new trial, and I, therefore, dissent.