STATE OF NORTH CAROLINA v. DAVID ROBERT BLACK

No. 7227SC184

(Filed 24 May 1972)

1. Burglary and Unlawful Breakings § 5; Larceny § 7— doctrine of recent possession — sufficiency of evidence

The State's evidence was sufficient to be submitted to the jury on issues of defendant's guilt of felonious breaking and entering and felonious larceny under the doctrine of possession of recently stolen property, where it tended to show that a jewelry store was forcibly broken and entered and a quantity of jewelry was stolen therefrom, and that a few days thereafter defendant exchanged a portion of the stolen jewelry for a used car.

2. Criminal Law § 163— broadside assignment of error to charge

An assignment of error to the charge that the court erred "in failing to declare and explain the law arising upon the evidence as required by G.S. 1-180" is broadside and ineffectual, it being required that the assignment of error set forth the part of the charge challenged and point out specifically the error complained of.

3. Larceny § 9; Criminal Law § 124— acquittal of breaking and entering — conviction of larceny — inconsistency

Where defendant was charged in a two-count bill of indictment with the felonies of breaking and entering and larceny, and the evidence tended to show that the larceny occurred in connection with the breaking and entering, the acquittal of defendant on the breaking and entering charge did not require the court to set aside the jury's verdict finding defendant guilty of larceny, since consistency between verdicts on several counts is not required.

APPEAL by defendant from *Thornburg, Judge,* 6 September 1971 Session of Superior Court held in GASTON County.

On 14 May 1971, the defendant was arrested on a warrant charging him with the felonious breaking and entering of "Thomas Jewelers" in Cherryville, North Carolina, and with the stealing of personal property valued in excess of $200 from one Henry Thomas. A preliminary examination was thereupon conducted and upon a finding of no probable cause, the defendant was ordered released.

The defendant was subsequently tried upon a bill of indictment, proper in form, charging him with the felonies of breaking and entering and larceny. The jury returned a verdict of "not guilty" of felonious breaking and entering and "guilty" of larceny as charged. From a sentence of two years' imprisonment, the defendant appealed to the Court of Appeals.

---

State v. Black

---

*Attorney General Morgan and Associate Attorney Witcover for the State.*

*Daniel J. Walton for defendant appellant.*

MALLARD, Chief Judge.

Defendant's first contention is that the State's evidence was not sufficient to withstand his motion to dismiss made at the close of the State's evidence. Upon the denial of his motion to dismiss, the defendant put on evidence, but the record does not reveal that defendant renewed his motion to dismiss or moved for judgment as of nonsuit at the close of all the evidence. However, G.S. 15-173.1 provides that "(t)he sufficiency of the evidence of the State in a criminal case is reviewable upon appeal without regard to whether a motion has been made pursuant to G.S. 15-173 in the trial court." We therefore have reviewed the evidence against this defendant.

[1] The State adduced evidence at the trial which tended to show that during the night of 26 April 1971, the place of business known as Thomas Jewelry Store in Cherryville, owned and operated by one Henry Thomas, was forcibly broken and entered and that a quantity of watches and rings valued at $3,356.90 was stolen from the display cases therein. Although there was no direct evidence linking the defendant Black with the scene of these criminal offenses, the testimony of State's witness James McDaniel, a used car dealer, and other witnesses, tended to show that on or about 28 April 1971, the defendant approached McDaniel and offered to give him a quantity of jewelry in exchange for a used automobile, to which McDaniel agreed. The defendant and three other persons returned the following day and the sale was consummated, the defendant giving McDaniel some rings and watches and McDaniel making out a bill of sale to one Melvine Moses at the direction of the defendant. (The evidence tends to show that the sale price of the automobile in question was $195.00, and that the defendant, by prior arrangement, bought the automobile for immediate resale to Melvine Moses for $250.00 in cash.) The jewelry that McDaniel received in exchange for the automobile was subsequently identified by the proprietor of Thomas Jewelry Store (and another witness) as being a portion of the property stolen from his store on the night of 26 April 1971.

This evidence, taken in the light most favorable to the State, clearly shows that the defendant Black, a few days thereafter, was in possession of at least some of the jewelry that had been stolen from Henry Thomas after his place of business had been broken into and entered.

"Chief Justice Parker in *State v. Foster*, 268 N.C. 480, 485, 151 S.E. 2d 62, 66, sets out the conditions for application of the doctrine of possession of recently stolen property as follows:

'(1) That the property described in the indictment was stolen, the mere fact of finding one man's property in another man's possession raising no presumption that the latter stole it; (2) that the property shown to have been possessed by accused was the stolen property; and (3) that the possession was recently after the larceny, since mere possession of stolen property raises no presumption of guilt. (Citing cases).'

If these conditions are met, and where, as in the present case, there is sufficient evidence that the building has been broken into and entered and that property has been stolen therefrom by such breaking and entering, then a presumption of fact arises that the possessor of the stolen property is guilty both of the larceny and of the breaking and entering. *State v. Jackson*, 274 N.C. 594, 164 S.E. 2d 369; *State v. Parker*, 268 N.C. 258, 150 S.E. 2d 428; *State v. Allison*, 265 N.C. 512, 144 S.E. 2d 578.

* * * Where it is shown that a number of articles of property have been stolen at the same time and as a result of the same breaking and entering of the same premises, evidence that a defendant charged with the crimes has possession of one of such articles tends to prove, not only that he stole that particular article, but also that he participated in the breaking and entering and in the larceny of the remaining property. * * *" *State v. Blackmon*, 6 N.C. App. 66, 169 S.E. 2d 472 (1969).

See also, 5 Strong, N. C. Index 2d, Larceny, § 5, and cases cited therein.

We hold that the State's evidence was sufficient to go to the jury and that the defendant's motion to dismiss was properly

denied. The evidence presented by the defendant that tended to show that defendant was at his home on the night of the alleged breaking and entering of Thomas Jewelry Store, that he paid cash for the used automobile and had none of the stolen jewelry in his possession on 28 or 29 April 1971 and that another person (one of the defendant's witnesses) singly committed all of the crimes charged was a matter of defense, and the credibility of defendant and his witnesses was for the jury.

[2] The defendant also assigns as error (Assignment of Error No. 2) that the court erred "in failing to declare and explain the law arising upon the evidence as required by G.S. 1-180." In this record on appeal, there is no exception appearing within the body of Judge Thornburg's charge to the jury and no particular portion of this charge is designated as forming the basis for his exception. The words "Exception No. 2" follow the entire charge to the jury in the record on appeal and constitute a broadside exception. "An assignment of error to the charge on the ground that it failed to explain and apply the law to the evidence as required by statute is a 'broadside' exception and ineffectual, it being required that the assignment of error set forth the part of the charge challenged and point out specifically the error complained of." 3 Strong, N. C. Index 2d, Criminal Law, § 163, pp. 118 and 119. See also, *State v. McCaskill,* 270 N.C. 788, 154 S.E. 2d 907 (1967) and *State v. Jordan,* 8 N.C. App. 203, 174 S.E. 2d 112 (1970), *aff'd.,* 277 N.C. 341.

The defendant's final contention (Assignment of Error No. 3) is that the court erred in failing to set the verdict aside; however, nowhere in this record on appeal does it appear that defendant moved to set aside the verdict. Nevertheless, we will address ourselves to what appears to be the central thread of argument as set forth in defendant's brief.

[3] Defendant contends that the crimes of which he was accused grew out of a single transaction; that all of the evidence tended to show that the larceny occurred at the time of and in connection with the breaking and entering of Thomas Jewelry Store; and therefore that the jury's verdict was inconsistent in that it found him not guilty of the breaking and entering but guilty of the larceny. In short, defendant says that he was either guilty on both counts or not guilty on both counts. From the purely logical standpoint, this may or may not be true, but where the evidence on each separate count was sufficient to

support a conviction, we are not at liberty to speculate as to why a jury may convict on one count and not on another. "In any event, a jury is not required to be consistent and mere inconsistency will not invalidate the verdict." *State v. Davis,* 214 N.C. 787, 1 S.E. 2d 104 (1939). See also, *State v. Sigmon,* 190 N.C. 684, 130 S.E. 854 (1925). In *State v. Pierce,* 208 N.C. 47, 179 S.E. 8 (1935), the defendant was charged, in two separate counts of an indictment, with (1) burning a building and (2) burning the personal property inside the building, and was convicted only on the second count. The Court said in that case:

> "We cannot sustain defendant's contention. The two offenses are separate and distinct. The fact that in setting fire to the corn, shingles, and hay with intent to injure the person owning the property cannot be imputed to him for righteousness, because in so doing he was guilty of another and different offense in burning the house.

> In *S. v. Nash,* 86 N.C. 650 (651), we find: 'To support a plea of former acquittal, it is not sufficient that the two prosecutions should grow out of the same transaction, but they must be for the same offense; *the same, both in fact and in law.'* *S. v. Gibson,* 170 N.C. 697; *S. v. Malpass,* 189 N.C. 349.

> In *S. v. Malpass, supra,* at p. 355, it is said: 'If two statutes are violated, even by a single act, and each offense requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the one statute. *S. v. Stevens,* 114 N.C. 873; *S. v. Robinson,* 116 N.C. 1046. To the same effect: *S. v. Hankins,* 136 N.C. 621.' "

As in the case before us, the defendant in *State v. Jones,* 3 N.C. App. 455, 165 S.E. 2d 36 (1969), remanded on other grounds in 275 N.C. 432, was charged both with felonious breaking and entering, or housebreaking, and with larceny (also with receiving), and was found not guilty of the breaking and entering and guilty of "the larceny, after breaking and entering" of certain personal property. In that case, this court noted that "the rule with respect to inconsistent verdicts on different counts in a bill of indictment is succintly stated in 3 Strong, N. C. Index 2d, Criminal Law, § 124, as follows:

" 'It is not required that the verdict be consistent; therefore, a verdict of guilty of a lesser degree of the crime when all the evidence points to the graver crime, although illogical and incongruous, or a verdict of guilty on one count and not guilty on the other, when the same act results in both offenses, will not be disturbed.' "

The contention of the defendant in the case before us that the verdict should be set aside for inconsistency is without merit.

We note that the punishment imposed by Judge Thornburg was not greater than that permitted by statute upon a conviction of misdemeanor larceny. We hold that the defendant has had a fair trial, free from prejudicial error.

No error.

Judges MORRIS and PARKER concur.