STATE OF NORTH CAROLINA v. THOMAS BARNES

No. 769SC325

(Filed 15 September 1976)

**Burglary and Unlawful Breakings § 7; Larceny § 8; Criminal Law § 124— breaking and entering and larceny — possession of recently stolen goods — instructions on consistency of verdict**

    In a prosecution for felonious breaking and entering and felonious larceny, the trial court erred in instructing the jury that since the State relied entirely on the doctrine of possession of recently stolen property, the jury should return the same verdict in both cases, since (1) possession of recently stolen property only raises inferences of guilt of breaking and entering and of larceny which the jury may consider with other evidence in the case, which other evidence may be sufficient to tip the scales with respect to one count but not the other and (2) consistency in the verdict is not required.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 9 January 1976 in Superior Court, WARREN County. Heard in the Court of Appeals 31 August 1976.

In a two-count bill of indictment defendant was charged with (1) breaking and entering a store building and (2) larceny of property from said store pursuant to the breaking and entering. The offenses allegedly occurred on 13 July 1975. He pled not guilty, a jury found him guilty as charged and the court consolidated the counts for purpose of judgment. From judgment imposing a prison sentence of four years as a committed youthful offender, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Charles J. Murray, for the State.*

*Frank Banzet for defendant appellant.*

BRITT, Judge.

Defendant's sole assignment of error relates to certain of the trial court's instructions to the jury. We think the assignment has merit.

Evidence presented by the State tended to show: On the night of 12 July 1975 Joseph Boyd's store in Warren County, N. C., was broken into and a television set, together with a quantity of wine, cigarettes and bandannas were stolen therefrom. The stolen property was found in defendant's possession

at his home in Chesapeake, Virginia, on 14 July 1975. Based on information furnished by defendant, warrants were also issued for Frank Whitley, Larry Harold and Thomas Hart. Defendant waived extradition and returned voluntarily to North Carolina.

Evidence presented by defendant tended to show: He did not break or enter Boyd's store or steal any property therefrom. At about 6:00 a.m. on 13 July 1975 he was awakened at his home by Whitley, Harold and Hart who had a box of merchandise and a television set. They sold him the set for $10 and gave him the merchandise, telling him that they had gotten the property off of a ship. On 14 July 1975 he learned that the property had been stolen and at that time gave police information about Whitley, Harold and Hart.

In its charge the trial court fully instructed the jury on the presumption arising from the possession of recently stolen property. It instructed the jury that on the evidence presented they might find defendant guilty or not guilty of breaking and entering and guilty or not guilty of felonious larceny.

After the jury had deliberated for some period of time they returned to the courtroom and the foreman inquired if they were expected to return "two different verdicts," one on breaking and entering and another on larceny. The court advised that the foreman was correct and gave the following additional instruction:

"Your verdicts must be guilty of felonious breaking or entering as charged or not guilty as to that offense. Guilty of felonious larceny or not guilty as to that offense. There are two seperate counts in a single bill of indictment requiring that you consider them separately, render separate verdicts as to each charge."

The jury returned to their room for further deliberation and at lunch time had not arrived at a verdict. Following the lunch recess they resumed their deliberations but later returned to the courtroom stating that they could not reach a verdict on the first charge. The court thereupon gave additional instructions as follows:

"I did not in instructing you as to this case tell you that your verdict as to one of the charges ought to be the same as in the other. But I now tell you that it should.

"The evidence, ladies and gentlemen, is exactly applicable and equally applicable to the two charges on which this defendant stands indicted.

"You could not consistently find him guilty of one and not guilty of the other. You could not. The State relies entirely upon the doctrine of recent possession. That doctrine as it was explained to you raises an inference of guilt under the evidence in this case, both of breaking and entering and of larceny. It could not possibly raise the inference as to one offense and not as to the other.

"Therefore, I tell you and instruct you that you may not return a verdict of guilty as to one offense and not guilty as to the other. Your verdicts must be consistent, members of the jury, and the evidence in this case will not permit your raising the inference of guilt of breaking or entering and innocence of larceny after breaking or entering."

Thereafter, the jury resumed its deliberations and later returned a verdict of guilty as to both charges.

Defendant excepted to the latter quoted instructions and that exception is the basis of his assignment of error. We hold that the court erred in giving the instructions.

While defendant concedes that possession of recently stolen property will support both a presumption of guilt of larceny and an inference of guilt of breaking and entering, *State v. Eppley,* 282 N.C. 249, 192 S.E. 2d 441 (1972), *State v. Ledbetter,* 5 N.C. App. 497, 168 S.E. 2d 427 (1969), he argues that they are mere inferences which the jury may consider along with other evidence in the case, which other evidence may be sufficient to tip the scales with respect to one count but not the other. We find this argument persuasive.

The courts have held many times that consistency between verdicts on several counts is not required. In *Dunn v. United States,* 284 U.S. 390, 76 L.Ed. 356 (1931), quoted with approval in *State v. Jones, infra,* Justice Ho'mes, speaking for the court said: "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment." In *State v. Davis,* 214 N.C. 787, 1 S.E. 2d 104 (1939), our State Supreme Court held that a jury is not required to be consistent and mere inconsistency will not invalidate the verdict.

In *State v. Jones,* 3 N.C. App. 455, 165 S.E. 2d 36 (1968), and *State v. Black,* 14 N.C. App. 373, 188 S.E. 2d 634 (1972), this court held that consistency in the verdict is not required and in both cases stated the rule as set forth in 3 Strong, N. C. Index 2d, Criminal Law, § 124, as follows:

> "It is not required that the verdict be consistent; therefore, a verdict of guilty of a lesser degree of the crime when all the evidence points to the graver crime, although illogical and incongruous, or a verdict of guilty on one count and not guilty on the other, when the same act results in both offenses, will not be disturbed."

We hold that the principle that consistency in the verdict is not necessary applies here, entitling defendant to a new trial,

New trial.

Judges HEDRICK and MARTIN concur.