IN THE MATTER OF RONALD ALLEN FRYE

No. 7617DC690

(Filed 16 February 1977)

1. Infants § 10— delinquency hearing — breaking or entering — sufficiency of evidence

In a hearing upon petitions alleging that respondent was a delinquent child within the meaning of G.S. 7A-278(2), evidence was sufficient to show that respondent committed a breaking or entering where it tended to show that numerous items similar to, though not identified as, those stolen were found in a car driven by respondent; respondent's companion in the car had a fresh cut on his hand, and at the store that was broken into blood was found on the window and near the cash register; and an officer observed the car being driven by respondent under suspicious circumstances backing out from behind the store.

2. Infants § 10— no probation revocation hearing — no notice required

Where respondent who had previously been placed on probation was before the court upon two petitions alleging him to be a delinquent child in that he broke and entered a store and operated a vehicle without a driver's license, no hearing was held to revoke probation, and therefore no notice was necessary.

In re Frye

3. **Constitutional Law § 20; Infants § 10— no juvenile facilities within county — commitment outside home county — equal protection of law**

   Respondent's contention in a juvenile delinquency proceeding that the lack of community based residential care in his county, which would result in commitment outside his county, denied him equal protection of the law was unfounded.

4. **Burglary and Unlawful Breakings § 3; Infants § 10— wrongful breaking or entering — ownership of building not alleged — no error**

   Where a petition charged the juvenile defendant with a wrongful breaking or entering, a violation of G.S. 14-54(b), it was not necessary to allege ownership of the building involved.

APPEAL by respondent from *Harris, Judge.* Judgment entered 12 May 1976 in District Court, ROCKINGHAM County. Heard in the Court of Appeals 20 January 1977.

Respondent was brought before district court on two juvenile petitions alleging that he is a delinquent child within the meaning of G.S. 7A-278(2). The first petition alleges that Frye unlawfully and wilfully operated a motor vehicle without first having obtained a driver's license, a violation of G.S. 20-7(a). The second petition alleges that he unlawfully and wrongfully broke and entered into the Bill Whitlow Grocery & Service Station on Highway 158 West in Monroeton, a violation of G.S. 14-54(b).

Frye was arraigned and pleaded not guilty. At the juvenile hearing the following evidence was given:

Police Officer Larry Carlson testified that he saw a car drive out from behind the Hop-In store on Highway 158 West. Because there was no attendant in the store, Officer Carlson became suspicious and followed the car. He checked ownership of the car and found it was owned by one Mr. Faint. He stopped the car, and there were two persons inside it. Ronald Allen Frye, the respondent, was the driver, and Mr. Faint's son was the passenger. Officer Carlson asked Frye for his driver's license. Frye replied that he did not have a driver's license. Officer Carlson also saw a large quantity of beer, candy, cigarette lighters and a bag of change sitting in plain view on the back seat. He advised the two boys of their rights and called the Sheriff's Department.

Deputy Sheriff Lemons testified concerning his investigation of a break-in at Bill Whitlow's Grocery & Service Station. A rear window had been broken and blood was found on the window, near the cash register and near the beer cooler. Deputy

Lemons later saw items similar to those missing from the store in the back of the Faint automobile. Bill Whitlow testified that an unknown quantity of beer, candy, cigars, cigarette lighters and $40.00 in change was missing from his store. Officer Lemons also stated that young Mr. Faint, the passenger arrested by Officer Carlson, had a fresh cut on his hand.

The judge found as fact beyond reasonable doubt that Ronald Allen Frye committed the acts alleged in the petitions. The judge further found as fact that the acts committed were "in violation of his probation upon which he was placed . . . by the undersigned." Respondent was found to be "within the juvenile jurisdiction of the court as delinquent" and he was committed for placement in such school or institution as deemed appropriate by the Department of Human Resources. Respondent appeals.

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*Gwyn, Gwyn & Morgan, by Melzer A. Morgan, Jr., for respondent appellant.*

ARNOLD, Judge.

There is no merit to respondent's contention that no competent evidence was before the court to show he had no driver's license. Obviously, respondent was less than sixteen years old, the legal age to be licensed to drive, G.S. 20-9(a), since he was within the juvenile jurisdiction of the court. He admitted to the officer that he had no driver's. license, and he was unable to produce a license upon the officer's request. Evidence that respondent had no driver's license is overwhelming and uncontradicted.

[1] Respondent contends that there is insufficient evidence to prove that he wrongfully broke and entered into the Bill Whitlow Grocery & Service Station. Since the property found in the car he was driving was not identified by the owner as that stolen from his store, according to respondent, there is no evidence to prove that he stole the property. He argues that since the doctrine of possession of recently stolen property does not apply in this case there was insufficient evidence to support the charge.

If respondent had been charged with breaking or entering and *larceny* there might be merit in his position. However, respondent was charged with breaking or entering in violation of G.S. 14-54(b). The State's position is that there was sufficient circumstantial evidence to support the charge. We agree. Circumstantial evidence is sufficient to take the case to the jury if there is " . . . any evidence tending to prove the fact in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it . . . . " *State v. Parker,* 268 N.C. 258, 260, 150 S.E. 2d 428 (1966), quoting, *State v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431 (1956). As State's brief points out, there was sufficient circumstantial evidence from which the court could have found that respondent committed the breaking or entering: (1) numerous items similar, though not identified, as those stolen were found in the car driven by respondent; (2) respondent's companion in the car had a fresh cut on his hand and at the store that was broken into blood was found on the window and near the cash register; (3) and the officer's observation of the car being driven by respondent under suspicious circumstances "backing out from behind" the store and thereafter stopping the car.

[2] Respondent next assigns as error and argues that the court revoked his probation in violation of G.S. 110-22 because he did not receive proper notice and hearing as required by that statute. It is apparent from the order entered that prior to this action respondent had been placed on probation by the very same judge who heard this juvenile proceeding. Among the conditions of his probation was a requirement that he violate no laws. However, respondent was not before the court to determine if his probation should be revoked pursuant to G.S. 110-22. He was properly before the court, under the authority of G.S. 7A-285, to determine if he should be adjudicated a "delinquent child" within G.S. 7A-278(2). The indicia of delinquency are violations of (1) the criminal law, (2) the motor vehicle laws, or (3) the conditions of previous probation. Respondent was brought to this juvenile hearing on petitions which charged (1) a violation of the criminal law and (2) a violation of the motor vehicle laws. It appears that adjudication of guilt of the juvenile petitions in this case would also prove a violation of probation. Nevertheless, no hearing was held to revoke probation, and therefore no notice was necessary. (There is no contention that respondent had inadequate notice of the juvenile hearing.)

[3]    Respondent was committed after the court found "that community based residential care is not available." His argument, that the lack of community based residential care in Rockingham County, which results in his commitment outside his community, denies him equal protection of the law, is unfounded. No authority is cited, but respondent's argument is that he has suffered from an act of unfair discrimination because his community is not wealthy enough to provide facilities that might be available elsewhere in the State. This argument, with respect to educational facilities, was rejected by the United States Supreme Court in *San Antonio School District v. Rodriguez*, 411 U.S. 1, 36 L.Ed. 2d 16, 93 S.Ct. 1278 (1973), *reh. den.* 411 U.S. 959, 36 L.Ed. 2d 418, 93 S.Ct. 1919 (1973). We also reject this position.

[4]    Finally, respondent says that the petition charging breaking and entering and larceny is insufficient because the petition fails to allege ownership of the building and the property carried away. As has already been noted, respondent misconstrues the petition. It does not charge breaking or entering with intent to commit larceny, a violation of G.S. 14-54(a). It charges respondent with a wrongful breaking or entering, G.S. 14-54(b). It was not necessary to allege ownership.

Finding no error prejudicial to respondent the order of the court is

Affirmed.

Judges PARKER and MARTIN concur.