STATE OF NORTH CAROLINA v. KEVIN L. RUSH

No. 815SC1144

(Filed 20 April 1982)

1. **Burglary and Unlawful Breakings § 5.8— felonious breaking and entering and felonious larceny — sufficiency of evidence**

    The State's evidence was sufficient to submit the charges of felonious breaking and entering and felonious larceny to the jury where the evidence showed that defendant and another man were seen running along the street of the victim's residence at a time approximating when the theft occurred, they both were carrying large square objects, consistent with the size of stereo speakers and tape deck, the two men were running together before they split at an intersection, and the second man ran between two houses where, less than an hour later, police recovered a tape player stolen from the victim's residence.

2. **Burglary and Unlawful Breakings § 7— failure to instruct on misdemeanor larceny proper**

    In a prosecution for felonious breaking and entering and larceny, the trial judge properly failed to instruct the jury on the lesser included offense of misdemeanor larceny where the uncontradicted testimony was that the property stolen was worth between $1,000 and $1,300.

3. **Criminal Law § 112.4— charge on circumstantial evidence adequate**

    The trial court adequately instructed the jury on the role of circumstantial evidence where it instructed the jury that the State relied on circumstantial evidence and it charged that the jury could not find defendant guilty "unless all of the circumstances, considered together exclude every reasonable possibility of innocence and point conclusively to guilt."

4. **Burglary and Unlawful Breakings § 6— felonious breaking or entering and felonious larceny — disjunctive language in charge — no error**

    The court's instructions in a prosecution for felonious breaking and entering and felonious larceny were proper where the court charged the jury must find defendant broke or entered into the victim's residence with the intent to commit a felony and where the court charged that the State must prove beyond a reasonable doubt "either that the defendant" took the property "after a breaking or entering, *or* that the" property "was worth more than $400."

APPEAL by defendant from *Rouse, Judge.* Judgment entered 12 February 1981 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 6 April 1982.

Defendant was convicted of felonious breaking and entering and felonious larceny. Judgments imposing prison sentences were entered.

The State's evidence tends to show the following. On 26 September 1980, Calvin Chadwick left his residence at 605 South Third Street, Wilmington, to go on a motorcycle trip. He informed several people of his plans, including defendant. Douglas Tann was left in charge of the house.

Around 1:30 a.m. the following day, Tann left the house. At that time all doors and windows were locked. When he returned after 3:00 a.m., he found two police officers there. The back door of the house was open, and stereo equipment was missing from the living room. The missing equipment included two Pioneer speakers, a Pioneer amplifier, a Pioneer receiver, and a reel to reel tape deck. The equipment's value was between $1000.00 and $1,300.00. Each missing speaker was two feet high and approximately fourteen inches wide, weighing about forty to forty-five pounds. The tape player was approximately twenty-four inches by twenty-four inches, weighing about thirty to forty pounds.

Around 3:00 a.m. the same morning, a police officer had observed two men running along South Third Street. There were no other people or cars in the area. One of the men was defendant. Both men were carrying large dark square objects. At the intersection of Third and Queen Streets, they stopped under a tree. As the officer approached the intersection in his van, the men separated. One of them ran behind a house on the corner. Defendant walked "very briskly" down Queen Street and entered an apartment. The police officer parked in front of the apartment and radioed for assistance.

A few minutes later, defendant emerged from the apartment and walked up to the officer's van. He told the officer that the speakers he had been carrying were his and came from a disco on Castle Street. The officer had asked him no questions and was unaware that defendant had been carrying stereo speakers. The officer also had no knowledge of the theft at 605 South Third Street.

When a back-up officer arrived, defendant invited the men upstairs to his apartment to see the speakers. Defendant showed them two speakers which were hooked up to other stereo equipment. The speakers were dusty and appeared to have been there "for quite awhile." Defendant told the officers not to look in the apartment's other room because a person was inside asleep.

The officers then left defendant's apartment. They searched the area where the two men had stood together and where the second man had run. Between two houses, about forty feet from where the second man had been observed running, the officer found a reel to reel tape player. Calvin Chadwick's name was on the tape player.

Defendant offered evidence that Cynthia Williams was the owner of the speakers in the apartment on Queen Street. She had purchased the speakers at Woolco. Rex Brown testified that sometime after 10:00 p.m. on September 26th, he had seen defendant at Studio 45, a disco on Castle Street. At that time, defendant had some albums with him.

*Attorney General Edmisten, by Assistant Attorney General Daniel C. Oakley, for the State.*

*Office of the Appellate Defender, by Assistant Appellate Defender Lorinzo L. Joyner, and Appellate Defender Adam Stein, for defendant appellant.*

VAUGHN, Judge.

Defendant raises several assignments of error. None of them disclose prejudicial error.

[1] Defendant argues that the court erred in denying his motion to dismiss. He contends that the State's circumstantial evidence created no more than a suspicion on him and was insufficient to submit the charges to the jury. We disagree.

On a motion to dismiss, all evidence is to be viewed in the light most favorable to the State. To survive the motion, the State need not convince the court that the evidence is sufficient to establish each element of the offense beyond a reasonable doubt. The State is required, however, to offer substantial evidence of all material elements of the offense. *State v. Parker,* 268 N.C. 258, 150 S.E. 2d 428 (1966).

"The general rule is that, if there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury."

*State v. Johnson,* 199 N.C. 429, 431, 154 S.E. 730, 731 (1930). It is immaterial whether the evidence is direct or circumstantial. *State v. Parker, supra.*

In the present case, the evidence is sufficient to find that someone broke into the Chadwick home on South Third Street and stole stereo equipment valued between $1000.00 and $1,300.00. The issue is whether there is competent evidence to support a finding that defendant was involved in the breaking and entering and larceny.

There is no direct evidence that defendant was in "recent possession" of any stolen property. The circumstantial evidence viewed as a whole, however, reasonably leads to the conclusion that defendant was a perpetrator of the offenses committed at 605 South Third Street.

That evidence shows that defendant and another man were seen running along the street of the Chadwick residence around 3:00 a.m., September 27th, a time approximating when the theft occurred. They were both carrying large square objects, consistent with the size of stereo speakers and tape deck. The two men were running together before they split at the intersection of Third and Queen Streets. The second man then ran between two houses. Less than an hour later, police recovered from that area a tape player stolen from the Chadwick residence.

It is reasonable to assume that the tape player was left by someone involved with the breaking and entering of the Chadwick home. Circumstantial evidence also raises the presumption that it was the second unknown man who possessed and then discarded the stolen tape player. Direct evidence links defendant to that man. *Compare with State v. Parker, supra.* From such evidence, we conclude that a jury could reasonably infer that defendant acted in concert with another in committing the offenses of felonious breaking and entering and felonious larceny. Defendant's assignment of error is overruled.

[2] Assignment of error No. 6 is that the trial court committed reversible error in failing to instruct the jury on the lesser included offense of misdemeanor larceny. A trial court is not required to submit instructions on a lesser included offense unless there is evidence from which a jury can find that the lesser included of-

fense was committed. *State v. Summitt*, 301 N.C. 591, 273 S.E. 2d 425, *cert. denied*, 451 U.S. 970, 101 S.Ct. 2048, 68 L.Ed. 2d 349 (1981). In the present cause, the uncontradicted testimony is that some person or persons broke into the Chadwick residence and stole stereo equipment worth between $1000.00 and $1,300.00. The evidence is such that if defendant committed any offense at all, it was a felonious larceny pursuant to a breaking or entering or a felonious larceny involving more than $400.00 worth of property. The court committed no error in failing to instruct on the offense of misdemeanor larceny.

[3] In assignment of error No. 3, defendant argues that the trial court inadequately instructed the jury on the role of circumstantial evidence. "When the evidence relied upon to establish an element of the offense charged is circumstantial, the court must charge the jury that it must return a verdict of not guilty unless the evidence points unerringly to the defendant's guilt and excludes every other reasonable hypothesis." *State v. Hill*, 272 N.C. 439, 444, 158 S.E. 2d 329, 333 (1968); *State v. Hood*, 294 N.C. 30, 239 S.E. 2d 802 (1978). The court in the present cause instructed the jury that the State relied on circumstantial evidence. It charged that the jury could not find defendant guilty "unless all of the circumstances, considered together exclude every reasonable possibility of innocence and point conclusively to guilt." We conclude that the court adequately instructed the jury on the role of circumstantial evidence.

[4] Defendant also excepts to the court's use of disjunctive language in defining the crimes of breaking or entering and larceny. Defendant argues the charge violates the defendant's constitutional right to a unanimous jury verdict. We disagree.

The court instructed the jury that to convict defendant of felonious breaking or entering, it must find defendant broke *or* entered into the Chadwick residence with the intent to commit a felony therein. Defendant argues the instruction is erroneous because it does not require the jury to agree on which of the acts defendant committed. In prosecutions under G.S. 14-54(a), however, it is proper for the court to submit the charge on alternative propositions. *State v. Boyd*, 287 N.C. 131, 145, 214 S.E. 2d 14, 22 (1975). The court did not err in its instructions on felonious breaking or entering.

Defendant makes the same argument regarding the court's instructions on felonious larceny: that the State must prove beyond a reasonable doubt "either that the Defendant Rush took the reel to reel tape player, and other stereo equipment from the building after a breaking or entering, *or* that the reel to reel tape player and other stereo equipment was worth more than four hundred dollars." Contrary to defendant's assertions, it was not error for the court to allow the alternative propositions to be stated together. Proof of either proposition is sufficient to find defendant guilty of felonious larceny. The jury unanimously agreed that defendant was guilty of felonious breaking or entering and felonious larceny. Defendant's assignment of error is overruled.

No error.

Judges MARTIN (Robert M.) and ARNOLD concur.