STATE OF NORTH CAROLINA v. THOMAS CLYDE FLOYD

No. 7221SC350

(Filed 2 August 1972)

1. **Automobiles § 119— reckless driving — sufficiency of evidence to withstand motion for nonsuit**

   In a prosecution for reckless driving, defendant's motion for nonsuit was properly overruled where the evidence tended to show that defendant was traveling approximately 70 mph in a 45 mph zone, suddenly braked and then accelerated his engine, causing the car to "fishtail"; such evidence was sufficient for jury determination as to whether defendant was exercising due caution and circumspection and whether his speed, or his manner of driving, endangered or was likely to endanger any person or property. G.S. 20-140(b).

2. **Criminal Law § 113— charge to jury — request for special instructions**

   Where the charge fully instructs the jury on all substantive features of the case, defines and applies the law thereto, and states the contentions of the parties, it complies with G.S. 1-180, and a party desiring further elaboration on a particular point, or of his contentions, or a charge on a subordinate feature of the case, must aptly tender request for special instructions.

APPEAL by defendant from *Kivett, Judge,* 6 December 1971 Criminal Session of Superior Court held in FORSYTH County.

By warrant defendant was charged, in words as set forth in G.S. 20-140(b), with reckless driving on a street or highway in Forsyth County. After being tried and convicted in district court defendant appealed to superior court where a jury found him guilty as charged. From judgment imposing prison sentence, suspended on certain conditions, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*Wilson & Morrow by Harold R. Wilson and John F. Morrow for defendant appellant.*

PARKER, Judge.

By his first and second assignments of error defendant contends that the court erred in denying his timely made motions for nonsuit.

[1]  The evidence, viewed in the light most favorable to the State, tended to show: Stewart Road in Forsyth County is a narrow, two-lane, blacktop road approximately 18 or 19 feet wide. At the area in question there is an open field on the west side of the road and seven or eight residences spaced some 100 to 150 feet apart on the east side of the road. The posted speed limit is 45 m.p.h. About 7:55 p.m. on 11 May 1971 State Highway Trooper Barczy was sitting in his patrol car, which was parked in the driveway of one of the residences. Defendant, accompanied by his passenger, 19-year-old Keith Thomas, drove a 1964 two-door Studebaker into Stewart Road from North Carolina Highway 150, and proceeded north on Stewart Road. As defendant entered Stewart Road his car was making a very loud noise, the motor was roaring, and Trooper Barczy drove his patrol car up to the end of the driveway and looked down Stewart Road. As defendant came over a little knoll in the road, he was traveling approximately 70 m.p.h. While in the area of the residences, he suddenly applied brakes, came down the road sideways with the back end of the car coming across the whole road, and slowed down to about five m.p.h. He then accelerated the engine, causing it to roar, the wheels to spin, and the car to swerve to the left and to the right three or four times, and then entered a driveway some two houses from where Mr. Barczy was sitting. We hold that the evidence was sufficient to survive the motions for non-suit.

G.S. 20-140(b) provides: "Any person who drives any vehicle upon a highway without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving."

In *State v. Folger,* 211 N.C. 695, 191 S.E. 747, our Supreme Court declared that under this statute a person is guilty of reckless driving "if he drives an automobile on a public highway in this State without due caution and circumspection *and* at a speed or in a manner so as to endanger or be likely to endanger any person or property." Our Supreme Court has also held that the simple violation of a traffic regulation, which does not involve actual danger to life, limb or property, would not perforce constitute the criminal offense of reckless driving. *State v. Cope,* 204 N.C. 28, 167 S.E. 456, and cases therein cited.

Defendant insists that while the evidence in the instant case does show speed (60 to 70 m.p.h. in a 45 m.p.h. zone) and does show a sudden stop and "fishtailing" of defendant's automobile, the evidence does not show that defendant's manner of driving actually endangered or, under the circumstances, was likely to endanger persons or property. We reject this argument. The evidence was sufficient for jury determination as to whether defendant was exercising due caution and circumspection and whether his speed, or his manner of driving, endangered or was likely to endanger any person or property including himself, his passenger, his property, or the person or property of others on or near Stewart Road. Assignments of error 1 and 2 are overruled.

By his assignments of error 3, 4, 5 and 6, defendant contends the trial judge erred in his charge to the jury, defendant's contention being stated in his brief as follows:

"The trial judge's definition of culpable negligence was inadequate in that it failed to inform the jury that an unintentional or inadvertent violation of a safety standard or statute, standing alone, could not constitute culpable negligence, and that said inadvertent or unintentional violation of a safety standard or statute must be accompanied by recklessness or probable consequences of a dangerous nature, when tested by the rule of reasonable prevision, amounting altogether to a thoughtless disregard of consequences or of a heedless indifference to the safety of others."

[2] It has been held many times that where the charge fully instructs the jury on all substantive features of the case, defines and applies the law thereto, and states the contentions of the parties, it complies with G.S. 1-180, and a party desiring further elaboration on a particular point, or of his contentions, or a charge on a subordinate feature of the case, must aptly tender request for special instructions. 3 Strong, N. C. Index 2d, Criminal Law, § 113, pages 12-13. *State v. Garrett, et al*, 5 N.C. App. 367, 168 S.E. 2d 479. After a careful review of the charge in the case at bar, we conclude that the trial judge complied with G.S. 1-180 and that in the absence of a request to so charge, did not err in failing to instruct the jury with respect to the principle of law set forth in defendant's contention. The assignments of error are overruled.

No error.

Judges BRITT and HEDRICK concur.