STATE OF NORTH CAROLINA v. JESSIE BROWN

No. 776SC993

(Filed 18 April 1978)

**Narcotics § 5— possession of marijuana with intent to sell—sale of marijuana—separate offenses—conviction for only one proper**

　　In a prosecution for possession of marijuana with intent to sell and sale of marijuana where both offenses arose out of the same course of conduct, it was not error for the court to declare a mistrial on the charge of possession with intent to sell upon the jury's inability to agree on a verdict and for the court to accept the jury's verdict finding defendant guilty of sale of marijuana, since the offenses charged were separate and distinct statutory offenses, neither being a lesser included offense of the other, and since inconsistent verdicts do not require a reversal.

APPEAL by defendant from *James, Judge.* Judgment entered 11 May 1977 in Superior Court, BERTIE County. Heard in the Court of Appeals 31 March 1978.

Defendant was tried upon his plea of not guilty to the charges contained in two indictments. The first charged him with possession of marijuana with intent to sell, and the second charged him with the sale of marijuana. At trial, the State presented evidence to show that on 15 January 1977, W. P. Bateman, an agent for the State Bureau of Investigation, purchased a plastic bag containing less than one ounce of marijuana from defendant for the price of twenty dollars. Defendant denied the transaction.

The jury, through its foreman, returned verdicts of guilty as charged. However, when the jury was polled, one juror indicated his lack of assent to one of the verdicts. The juror agreed that defendant was guilty of the sale of marijuana, but as to the charge of possession with intent to sell, the juror found defendant guilty only of possession. The court then instructed the jury to resume its deliberations, but no agreement was reached regarding a verdict on the charge of possession with intent to sell. When the jury announced that no agreement could be reached, the court withdrew the juror and declared a mistrial on the charge of possession of marijuana with intent to sell. Having previously accepted the unanimous verdict finding defendant guilty of sale of marijuana, the court entered judgment imposing a prison sentence in that case. From this judgment, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Sandra M. King for the State.*

*Ralph G. Willey III and Carter W. Jones for defendant appellant.*

PARKER, Judge.

Both charges arose out of a single transaction, and defendant contends that the court erred when it entered judgment on the charge of sale of marijuana after declaring a mistrial on the charge of possession of marijuana with intent to sell. He contends that under the evidence he was either guilty of both offenses or not guilty of both, and that the jury could not logically find him guilty of the offense of sale of marijuana unless it also found that he illegally possessed that marijuana with intent to sell it. From this he reasons that the court should have declared a mistrial in both cases and that it erred by entering judgment on the jury's verdict finding him guilty only on the charge of the sale of marijuana. We find no error.

The offenses charged in the two indictments, though closely related, were separate and distinct statutory offenses, neither being a lesser included offense of the other. *State v. Cameron*, 283 N.C. 191, 195 S.E. 2d 481 (1973); *State v. Yelverton*, 18 N.C. App. 337, 196 S.E. 2d 551 (1973). It is true that the same act led to both charges, and the evidence would logically have supported verdicts finding defendant guilty of both. Nevertheless, defendant's conviction on only one will be upheld. Inconsistent verdicts do not require a reversal. *State v. Black*, 14 N.C. App. 373, 188 S.E. 2d 634, *appeal dismissed*, 281 N.C. 624, 190 S.E. 2d 467 (1972); *State v. Lindquist*, 14 N.C. App. 361, 188 S.E. 2d 686 (1972).

No error.

Judges VAUGHN and WEBB concur.