STATE OF NORTH CAROLINA v. DAVID THOMAS BARTLETT

No. 7925SC876

(Filed 18 March 1980)

1. **Burglary and Unlawful Breakings § 5.8— breaking into house—defendant not specifically forbidden entry—sufficiency of evidence**

    Where the evidence tended to show that a homeowner was locked out of his house and was trying to gain entry by using a credit card when defendant approached him and opened the door with an eight inch knife, the homeowner and defendant entered the house, drank alcoholic beverages and removed some items belonging to the homeowner, and both then left the house whereupon the homeowner called the police, testimony by the homeowner that he did not forbid defendant to come into the house because he was afraid defendant had a gun or knife was evidence from which the jury could conclude defendant did not have the owner's permission to enter the house.

2. **Criminal Law § 66.11— in-court identification not tainted by show-up**

    An in-court identification of defendant by the victim of a breaking and entering was based on the victim's observation at the time of the crime and not on a show-up conducted when defendant was brought from his home to a police car to be identified by the victim.

3. **Criminal Law § 124.5— inconsistent verdict**

    The trial court did not err in failing to set aside the jury's verdict finding defendant guilty of felonious breaking or entering and misdemeanor larceny on the ground that it was inconsistent, since jury verdicts are not required to be consistent.

APPEAL by defendant from *Wood, Judge.* Judgment entered 11 July 1979 in Superior Court, CATAWBA County. Heard in the Court of Appeals 7 February 1980.

Defendant was indicted for felonious breaking or entering and felonious larceny. The State's evidence showed that early on the morning of 20 February 1979, Otto Gienger arrived at his home in Newton. He did not have his key and was attempting to open his door with a credit card when defendant approached him from the side of his house. Defendant asked Mr. Gienger if he was trying to enter the house; when Mr. Gienger answered in the affirmative, the defendant said "Well, I'm going in this house all the time," and proceeded to open the door with an eight-inch knife. The defendant then related to Mr. Gienger the articles he had taken from the house on previous occasions. Mr. Gienger had missed these items from his home. Mr. Gienger said he did not

tell the defendant not to come in his house "because I was afraid. He could have had one of my guns or a knife."

Once inside the house, defendant proceeded to take various items of personal property and divide them with Mr. Gienger. He took some beer from the refrigerator and both defendant and Mr. Gienger drank a part of it. There was a bottle of Scotch whiskey in the house. The defendant gave Mr. Gienger a drink from this bottle and after Mr. Gienger said he did not "like that stuff," the defendant took the remainder of the bottle for himself. Both men then left the house, and Mr. Gienger excused himself and called the police. Later that day, the defendant was arrested at his home. He was escorted outside his home to a police vehicle where Mr. Gienger identified him.

Defendant was convicted of felonious breaking or entering and misdemeanor larceny. He has appealed.

*Attorney General Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Randy D. Duncan for defendant appellant.*

WEBB, Judge.

[1] Defendant has brought forward several assignments of error. He first contends that he could not have been convicted of breaking or entering because he entered the house with the permission of the owner. The defendant has cited no cases, and we cannot find a case which is precedent for the peculiar facts of this case. We hold the testimony of Mr. Gienger, that he did not forbid the defendant to come into the house because he was afraid the defendant had a gun or knife, was evidence from which the jury could conclude defendant did not have Mr. Gienger's permission to enter the house.

[2] Defendant next contends that the in-court identification of defendant was improper because of the impermissive suggestiveness of the show-up identification of the defendant. The show-up identification was conducted when the defendant was brought from his home to the police car to be identified by Mr. Gienger. The defendant objected to the admission of this testimony, and the court conducted a *voir dire* hearing out of the presence of the jury. The court found as a fact that Mr. Gienger's

in-court identification was based on his observation of the defendant at the house and not the police car. The evidence presented at the *voir dire* as to Mr. Gienger's opportunity to observe the defendant at the house supports this finding of fact. *See State v. Sanders*, 33 N.C. App. 284, 235 S.E. 2d 94 (1977).

The defendant's next two assignments of error deal with what he contends was the admission of hearsay testimony and the admission of the fruits of a search of defendant's home without a search warrant. The defendant did not object when this evidence was offered. These two assignments of error are overruled.

The defendant also assigns error to what he contends was a comment by the judge on the evidence. The judge asked several questions of Mr. Gienger while he was on the witness stand. We hold that these questions were to clarify Mr. Gienger's testimony and were not expressions of opinion on the evidence.

[3] The defendant's last assignment of error is to the court's failure to set aside the verdict. He contends this was error because the verdict was inconsistent as the jury found the defendant guilty of felonious breaking or entering and misdemeanor larceny. Jury verdicts are not required to be consistent. *State v. Black*, 14 N.C. App. 373, 188 S.E. 2d 634 (1972).

We concede that on the facts of this case the defendant acted with a certain flair. We also hold he had a fair trial, free of prejudicial error.

No error.

Judges PARKER and ARNOLD concur.