STATE OF NORTH CAROLINA v. WARD MAXTON ROSSER AND ROBERT EDWARD BACKLUND

No. 8111SC237

(Filed 17 November 1981)

1. Narcotics § 5— inconsistent verdicts—failure to set aside—no error

It was not error to fail to set aside as inconsistent verdicts of not guilty of possession of marijuana and guilty of felonious manufacture of marijuana as a jury is not required to be consistent and incongruity alone will not invalidate a verdict.

2. Narcotics § 4— manufacture of marijuana—sufficiency of evidence

Evidence was sufficient to convict defendants of manufacture of marijuana where it tended to show defendants visited the plot where it grew on two occasions; they spread white powder on the plants on one occasion; there were no weeds around the plants; and one of the defendants was overheard telling the other defendant that the plants should be pinched to induce the plant's expansion.

APPEAL by defendants from *Brannon, Judge.* Judgment entered 28 August 1980 in Superior Court, LEE County. Heard in the Court of Appeals 14 September 1981.

Defendants were charged individually and in separate indictments for violation of G.S. 90-95(a)(1), felonious manufacture of marijuana, and for violation of G.S. 90-95(a)(3), felonious possession of marijuana. Defendants were acquitted by a jury of felonious possession, but appeal from a guilty verdict and judgment of suspended imprisonment and fine on the manufacturing charge.

The evidence tended to show that officers of the Lee County Sheriff's Department in July of 1980 twice had occasion to be in a secluded area of southern Lee County where marijuana plants were growing. Officer Wayne Campbell located the plants on 5 July 1980, and testified that the ground directly around the plants was without weeds or trash. Officer Campbell began a surveillance of the site and observed, within an hour of the plants' discovery, a green and white pickup truck approach the area and stop. Defendants emerged, removed a bucket from the bed of the truck, and advanced toward the marijuana plants. They remained in the area approximately 45 minutes, returned to the vehicle, then left. Officer Campbell examined the marijuana plants after defendants departed and testified that "[a]t that time there

was a white powder covering nearly all of the plants. . . ." He testified that the powder was not present when he inspected the marijuana earlier. Officer Campbell saw no one in the vicinity other than the defendants on that day. Officer Campbell returned to the site on 11 July, accompanied by Captain Jimmie Parker and Deputy Blue Cameron of the Lee County Sheriff's Department. They concealed themselves near the growing marijuana. Defendants approached in the green and white pickup, got out of the truck, and proceeded on a foot path to the marijuana. Deputy Cameron testified that when the defendants came upon the first plant, defendant Backlund bent over the plant and explained to defendant Rosser that one should pinch the plant to make it expand. The officers then announced their presence and arrested defendants.

*Attorney General Edmisten, by Associate Attorney William R. Shenton, for the State.*

*Kirk, Tantum and Hamrick, by Andy W. Gay, for defendant appellants.*

MORRIS, Chief Judge.

[1] Defendants submit that the convictions should be set aside as inconsistent with the finding of not guilty of possession of marijuana. They allege that without the control element of possession it is impossible to meet the legal definition of manufacturing.

We find no merit in this contention. It is well established in North Carolina that a jury is not required to be consistent and that incongruity alone will not invalidate a verdict. *State v. Brown,* 36 N.C. App. 152, 242 S.E. 2d 890 (1978); *State v. Shufford,* 34 N.C. App. 115, 237 S.E. 2d 481, *cert. denied* 293 N.C. 592, 239 S.E. 2d 265 (1977); *State v. Best,* 31 N.C. App. 250, 229 S.E. 2d 581 (1976), *rev. on other grounds,* 292 N.C. 294, 233 S.E. 2d 544 (1977); *State v. Black,* 14 N.C. App. 373, 188 S.E. 2d 634, *appeal dismissed* 281 N.C. 624, 190 S.E. 2d 467 (1972); *State v. Lindquist,* 14 N.C. App. 361, 188 S.E. 2d 686 (1972); *State v. Davis,* 214 N.C. 787, 1 S.E. 2d 104 (1939); *State v. Sigmon,* 190 N.C. 684, 130 S.E. 854 (1925). In *State v. Davis,* supra, the defendant was charged with unlawful possession of intoxicating liquors and transportation for the purpose of sale. Defendant was found guilty of the transporta-

tion charge but acquitted on the possession charge. Quoting *State v. Sigmon*, supra, at 691, the *Davis* Court wrote:

> The offenses are designated in the statute separately and while the jury would have been fully justified in finding the defendant guilty on both counts under the evidence in this case, their failure to do so does not as a matter of law vitiate the verdict on the count of transporting. It goes without saying that the jury would have to find from the circumstantial evidence that defendant had in his possession liquors that he was transporting before they could convict him.

*State v. Davis*, supra at 794. Similarly, in the case at hand "[t]he offenses charged in the two indictments, though closely related, were separate and distinct statutory offenses, neither being a lesser included offense of the other." *State v. Brown*, supra at 153; *State v. Cameron*, 283 N.C. 191, 195 S.E. 2d 481 (1973); *State v. Yelverton*, 18 N.C. App. 337, 196 S.E. 2d 551, *cert. denied* 283 N.C. 670, 197 S.E. 2d 880 (1973). Both charges arose on the same evidence, and conviction on both charges would seem to have been the more cogent result. Yet failure of the jury to find the defendants guilty of the possession of marijuana does not preclude it from finding the defendants guilty of manufacturing the illicit drug. We will not speculate as to why the jury convicted on one count and not on the other. " '[A] jury is not required to be consistent and mere inconsistency will not invalidate the verdict.' " *State v. Black*, supra at 377, 188 S.E. 2d at 637.

[2] Defendants also assign as error the denial of the trial court of a motion to set aside the guilty verdicts as contrary to the weight of the evidence. Defendants contend that their mere presence among live marijuana plants is not enough to sustain an inference of intent to manufacture. They fail to acknowledge that the evidence of their visits to the plot, of white powder on the plants, of lack of weeds around the plants, and the statement about pinching to induce the plants' expansion could be interpreted to show active cultivation. Considering the body of facts in the light most favorable to the state, we think the evidence was clearly sufficient to survive the defendants' motion, and we perceive no abuse of discretion in the trial judge's refusal to set aside the verdict in this case.

By analogy, it has been held that a defendant's presence at a place where illegal whiskey is being manufactured, along with other supporting evidence, is sufficient to go to the jury. *State v. Adams,* 191 N.C. 526, 132 S.E. 281 (1926); *State v. Perry,* 179 N.C. 718, 102 S.E. 277 (1920). As pointed out in *State v. Shufford,* supra, a manufacture of marijuana case, the conduct of the defendants, when found at active distilleries, was an important factor in allowing a case to go to the jury. *State v. Moore,* 190 N.C. 876, 130 S.E. 713 (1925); *State v. Sykes,* 180 N.C. 679, 104 S.E. 2d 83 (1920); *State v. Ogleston and Perry,* 177 N.C. 541, 98 S.E. 537 (1919).

There is ample evidence in the record to sustain a conviction on both the possession and manufacturing charges. The jury was free to accept or reject that evidence and the inferences arising thereon.

No error.

Judges CLARK and WELLS concur.