McCULLOUGH, Judge.
Defendant Michael Paul Lowry appeals his conviction of the charges of involuntary manslaughter and felony child abuse. The State's evidence tended to show that on 3 December 2001, the emergency medical services unit of the Jacksonville Fire Department went to defendant's home to attend to defendant's two-month-old daughter. Upon arrival, the emergency medical personnel found that the baby was on the floor and not breathing. The baby was transported to the hospital in an ambulance. Doctors determined that the baby's brain was swollen, and there was bleeding in the skull. On 6 December 2001, the child was determined to be braindead, and her life support services were discontinued. The baby's cause of death was classified as "non-accidental trauma."
The child's mother, Sadi Lowry, was on active duty with the United States Marine Corps. She testified that defendant dropped her off at work and returned home with the child. She also mentioned that the baby was fussy that morning.
Defendant initially stated that when he returned home, he laid his daughter on the couch because she was crying. Defendant went to the kitchen to get a glass of water, and when he returned, the baby had turned blue. However, after questioning by the Jacksonville Police Department, defendant admitted that he shook the baby. Defendant was arrested and charged with murder and felony child abuse.
A trial took place on 5 May 2003, and the jury found defendant guilty of involuntary manslaughter and felony child abuse. Defendant was sentenced to a minimum of 73 months and a maximum of 97 months on the felony child abuse charge, and a minimum of 16 months and a maximum of 20 months on the involuntary manslaughter charge. Defendant appeals.
On appeal, defendant argues that the trial court erred by (1) accepting inconsistent jury verdicts, (2) trying and sentencing defendant twice for a single incident of assault, (3) instructing the jury on defendant's alleged conflicting statements, (4) not finding a statutory mitigating factor, and (5) admitting hearsay. Defendant also claims that he is entitled to a new trial because of ineffective assistance of counsel. We reject these contentions andconclude that defendant received a fair trial free from reversible error.
I. Inconsistent Verdicts
Defendant argues that the trial court erred by accepting the inconsistent verdicts of involuntary manslaughter and felony child abuse. However, "[i]t is well established in North Carolina that a jury is not required to be consistent and that incongruity alone will not invalidate a verdict." State v. Rosser, 54 N.C. App. 660, 661, 284 S.E.2d 130, 131 (1981). There are a number of cases which illustrate this point.
In Rosser, defendants were charged with felonious manufacture of marijuana and felonious possession of marijuana. Id. at 660, 284 S.E.2d at 130. Defendants were acquitted of the possession charge, but found guilty of the manufacture charge. Id. The Court rejected the inconsistent verdicts argument and refused to "speculate as to why the jury convicted on one count and not on the other." Id. at 662, 284 S.E.2d at 131.
Similarly, in State v. Bartlett, 45 N.C. App. 704, 706, 263 S.E.2d 800, 801 (1980), defendant claimed that finding him guilty of felonious breaking and entering and misdemeanor larceny was inconsistent, and therefore, the verdicts should be set aside. However, the Court disagreed and stated succinctly: "Jury verdicts are not required to be consistent." Id.
In this case, even if we assume arguendo that the verdicts of involuntary manslaughter and felony child abuse are inconsistent, defendant would not be entitled to relief. Our courts haveestablished that inconsistency alone is not grounds for setting aside the verdicts. Therefore, this assignment of error is overruled.
II. Sentencing Defendant Twice for a Single Incident of Assault
Defendant argues that the trial court improperly sentenced him for two offenses that involved only one act: shaking his two-month-old daughter. He contends that "[n]o matter what you call it, or how the legislature chooses to define it, a single four-second act of shaking a baby is one offense not two and no defendant can be tried and sentenced twice for the same offence [sic]." We disagree with this reasoning.
Under N.C. Gen. Stat. § 14-318.4(b) (2003), felony child abuse "is an offense additional to other civil and criminal provisions and is not intended to repeal or preclude any other sanctions or remedies." Id. (emphasis added). Therefore, by the clear language of the statute, the State may try defendant for felony child abuse in addition to other criminal offenses. See State v. Elliott, 344 N.C. 242, 278, 475 S.E.2d 202, 218 (1996) (noting that "[t]he language of the felony child abuse provision permits us to conclude that the legislature intended to punish felony child abuse and first-degree murder separately, even when both offenses arise out of the same conduct"), cert. denied, 520 U.S. 1106, 137 L. Ed. 2d 312 (1997).
In this case, defendant was convicted of felony child abuse and involuntary manslaughter. On appeal, he has not claimed thatthere was insufficient evidence to sustain these convictions. Furthermore, defendant admits that "[a]fter considerable research, [his] counsel has not located a case directly on point[.]" Under these circumstances, we cannot conclude that defendant is entitled to relief. This assignment of error is overruled.
III. Jury Instruction
Defendant argues that the trial court erred in giving N.C.P.I., Crim. 105.21, the pattern jury instruction for a defendant's false, contradictory, or conflicting statements. Our review of the record indicates that the trial judge substantially gave this instruction:
The State contends, and the defense denies, that the Defendant made false, contradictory, or conflicting statements. If you find that the Defendant made such statements, they may be considered by you as a circumstance tending to reflect the mental process of a person possessed of a guilty conscience, seeking to divert suspicion or to exculpate himself, and you should consider that evidence, along with all the other believable evidence in this case. However, if you find that the Defendant made such statements, they do not create a presumption of guilt, and such evidence standing alone is not sufficient to establish guilt.
Our Supreme Court has noted that this "instruction is proper not only where defendant's own statements contradict each other but also where defendant's statements flatly contradict the relevant evidence." State v. Walker, 332 N.C. 520, 538, 422 S.E.2d 716, 726 (1992), cert. denied, 508 U.S. 919, 124 L. Ed. 2d 271 (1993). Here, the instruction was proper because defendant's statement that he merely placed the baby on the couch conflicts with a physician'stestimony that the victim died from head injuries that were "a part of a child abuse pattern of injuries." This assignment of error is overruled.
IV. Failing to Find a Statutory Mitigating Factor
Defendant claims that the trial court erred by failing to make a finding on a mitigating factor. However, this Court has previously held that the trial judge is only required to make findings on mitigating factors if he or she does not sentence defendant within the presumptive range. State v. Brown, 146 N.C. App. 590, 594, 553 S.E.2d 428, 431 (2001), appeal dismissed, disc. review denied, 356 N.C. 306, 570 S.E.2d 734 (2002). Defendant has not presented any evidence showing that the trial judge sentenced him outside of the presumptive range. Therefore, the trial judge was not required to make findings on mitigating factors. This assignment of error is dismissed.
V. Admission of Hearsay
Defendant argues that the trial court improperly allowed the admission of hearsay. This argument is unavailing. "Failure to object in apt time to inadmissible evidence . . . constitutes a waiver." State v. Burgess, 55 N.C. App. 443, 447, 285 S.E.2d 868, 871 (1982). "Usually, `apt time' to object is when the question calling for inadmissible evidence is asked." Id.
In this case, the prosecutor asked defendant's wife whether a doctor warned her and her husband about the dangers of shaking a child. Initially, defendant's attorney objected, and the trial judge sustained the objection. After rephrasing the question andasking a series of other questions, the prosecutor was able to elicit the information she sought. Defendant's attorney did not object at this time and therefore failed to preserve this issue for appeal. See State v. Woods, 146 N.C. App. 686, 693-94, 554 S.E.2d 383, 387 (2001) (defendant lost his hearsay objection to a detective's testimony about what an informant said concerning defendant's use of his vehicles in his drug-related business when the detective later offered the same testimony without objection), aff'd, 356 N.C. 121, 564 S.E.2d 881 (2002).
Defendant argues that in light of his failure to object, the trial court should have excluded the evidence anyway. "Where, as here, a criminal defendant fails to object to the admission of certain evidence, the plain error analysis, rather than the ex mero motu or grossly improper analysis, is the applicable standard of review." State v. Ridgeway, 137 N.C. App. 144, 147, 526 S.E.2d 682, 685 (2000). If, "we are not persuaded that the jury probably would have reached a different result had the alleged error not occurred, we will not award defendant a new trial." Id.
In this case, there was strong evidence of defendant's guilt independent of the doctor's warnings not to shake the child. Defendant was the last person to see the child alive; he also confessed to shaking the child shortly before she died. Furthermore, a physician opined that the baby died of a head injury which was "a part of a child abuse pattern of injuries." For these reasons, it is unlikely that the jury would have reached adifferent conclusion if the testimony in question had been excluded. This assignment of error is overruled.
VI. Ineffective Assistance of Counsel
Defendant claims that he is entitled to a new trial because of ineffective assistance of counsel. "A defendant's right to counsel includes the right to the effective assistance of counsel." State v. Braswell, 312 N.C. 553, 561, 324 S.E.2d 241, 247 (1985). "When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness." Id. at 561-62, 324 S.E.2d at 248. To meet this burden, defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced defendant. Id. at 562, 324 S.E.2d at 248. A reversal for ineffective assistance of counsel is not warranted "unless there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." Id. at 563, 324 S.E.2d at 248.
Defendant claims that his attorney should have renewed his objection to the hearsay testimony and should have made a motion to strike. This argument is unpersuasive because we have already determined that there is not a reasonable probability that, but for counsel's alleged error, there would have been a different result. Furthermore, we are aware that
[t]he Courts rarely grant relief on the grounds here asserted [ineffective assistance of counsel], and have consistently required a stringent standard of proof on the question of whether an accused has been deniedConstitutionally effective representation. We think such a standard is necessary, since every practicing attorney knows that a "hindsight" combing of a criminal record will in nearly every case reveal some possible error in judgment or disclose at least one trial tactic more attractive than those employed at trial. To impose a less stringent rule would be to encourage convicted defendants to assert frivolous claims which could result in unwarranted trial of their counsels.
State v. Sneed, 284 N.C. 606, 613, 201 S.E.2d 867, 871-72 (1974).
Respondent has not established an ineffective assistance of counsel claim. Accordingly, this assignment of error is denied. After a careful review of the record, briefs, and arguments of the parties, we conclude that defendant received a fair trial free from reversible error.
No error.
Judges McGEE and ELMORE concur.
Report per Rule 30(e).