STATE OF NORTH CAROLINA v. HARRY TEEL, JR., DEFENDANT

No. COA06-326

(Filed 5 December 2006)

**1. Criminal Law— felony fleeing to elude arrest—indict-ment—specific duty officer performing not required**

The trial court did not err by denying defendant's motion to dismiss the charge of felony fleeing to elude arrest based on the indictment failing to describe the lawful duties the officers were performing at the time of defendant's flight because, unlike the offense of resisting an officer in the performance of his duties under N.C.G.S. § 14-223, the offense of fleeing to elude arrest under N.C.G.S. § 20-141.5 is not dependent upon the specific duty the officer was performing at the time of the offense.

**2. Motor Vehicles— reckless driving—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of reckless driving because viewed in the light most favorable to the State, there was sufficient evidence that defendant drove a motorcycle on a public highway without due caution and circumspection and at a speed and in a manner so as to endanger or be likely to endanger a person or property in violation of N.C.G.S. § 20-140(b).

**3. Appeal and Error— preservation of issues—failure to cite authority—incongruity alone will not invalidate verdict**

Although defendant contends the trial court erred by denying defendant's motion for appropriate relief to set aside the verdicts

STATE v. TEEL

[180 N.C. App. 446 (2006)]

of misdemeanor fleeing to elude arrest and reckless driving as being inconsistent with the jury's other verdicts, this assignment of error is dismissed because: (1) defendant failed to cite any authority in support of his assignment of error; and (2) defendant's assignment of error is without merit when it is well-established in North Carolina that a jury is not required to be consistent and that incongruity alone will not invalidate a verdict.

Appeal by defendant from judgments dated 28 July 2005 by Judge W. Russell Duke, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 1 November 2006.

*Attorney General Roy Cooper, by Special Deputy Attorney General T. Lane Mallonee, for the State.*

*The Robinson Law Firm, P.A., by Leslie S. Robinson, for defendant-appellant.*

BRYANT, Judge.

Harry Teel, Jr. (defendant) appeals from judgments dated 28 July 2005, convicting him of misdemeanor fleeing to elude arrest and reckless driving. For the reasons below, we find no error in the trial or the judgment of the trial court.

*Facts and Procedural History*

On 24 January 2005, a Pitt County Grand Jury returned a Bill of Indictment which charged defendant with: (1) felony fleeing to elude arrest, in violation of N.C. Gen. Stat. § 20-141.5(b); (2) careless and reckless driving, in violation of N.C. Gen. Stat. § 20-140(b); and (3) resisting a public officer, in violation of N.C. Gen. Stat. § 14-223. This matter came up for a jury trial at the 26 July 2005 Criminal Session of Superior Court for Pitt County, the Honorable W. Russell Duke, Jr., presiding. On 27 July 2005, the jury returned a verdict of guilty of misdemeanor fleeing to elude arrest; guilty of reckless driving; and not guilty of resisting a public officer. The trial court entered judgments, consistent with the jury verdict and dated 28 July 2005, sentencing defendant to two fifteen day jail terms for the two misdemeanor convictions, but suspended the sentence as to the conviction of reckless driving and placed defendant on twelve months unsupervised probation. Defendant appeals.

Defendant raises the issues of whether the trial court erred when it: (I) denied defendant's motions to dismiss the charge of felony flee-

ing to elude arrest because the indictment failed to describe the lawful duties the officers were performing at the time of defendant's flight; (II) denied defendant's motions to dismiss the charge of careless and reckless driving because the State failed to present substantial evidence of all elements of the charge; and (III) denied defendant's motion for appropriate relief because the verdicts finding defendant not guilty of felony fleeing to elude arrest and not guilty of resisting a public officer are inconsistent with the verdicts of guilty of misdemeanor fleeing to elude arrest and reckless driving.

*I*

**[1]** Defendant first argues the trial court erred in denying his motions to dismiss the charge of felony fleeing to elude arrest because the indictment failed to describe the lawful duties the officers were performing at the time of defendant's flight. We disagree.

"The purpose of a bill of indictment is to put a defendant on such notice that he is reasonably certain of the crime of which he is accused." *State v. McGriff*, 151 N.C. App. 631, 634, 566 S.E.2d 776, 778 (2002) (citation omitted). An indictment must contain "[a] plain and concise factual statement in each count which . . . asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation." N.C. Gen. Stat. § 15A-924(a)(5) (2005). "The elements need only be alleged to the extent that the indictment (1) identifies the offense; (2) protects against double jeopardy; (3) enables the defendant to prepare for trial; and (4) supports a judgment on conviction." *State v. Thomas*, 153 N.C. App. 326, 335, 570 S.E.2d 142, 147 (2002) (citation omitted). Further, "[a]n indictment is sufficient if the charge against the defendant is expressed 'in a plain, intelligible, and explicit manner[.]' " *State v. Glynn*, 178 N.C. App. 689, 695, 632 S.E.2d 551, 555 (2006) (quoting N.C. Gen. Stat. § 15-153 (2005)), *disc. rev. denied and appeal dismissed*, No. 480P06 (N.C. Supreme Court Oct. 5, 2006).

The indictment at issue in the instant case charged, *inter alia*, that defendant "unlawfully, willfully and feloniously did operate a motor vehicle on a public highway . . . while attempting to elude a law enforcement officer . . . in the lawful performance of the officer's duties . . ." in violation of N.C. Gen. Stat. § 20-141.5. N.C. Gen. Stat. § 20-141.5 provides in pertinent part that "[i]t shall be unlawful for any person to operate a motor vehicle on a street, highway, or public

vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties." N.C. Gen. Stat. § 20-141.5(a) (2005). Defendant asks this Court to hold that an indictment charging a person with an offense under N.C. Gen. Stat. § 20-141.5 must meet the same requirements as one charging a person with the offense of resisting arrest under N.C. Gen. Stat. § 14-223.

N.C. Gen. Stat. § 14-223 states that "[i]f any person shall willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge *a duty* of his office, he shall be guilty of a Class 2 misdemeanor." N.C. Gen. Stat. § 14-223 (2005) (emphasis added). It is well established that "[a]n indictment fails under N.C. Gen. Stat. § 14-223 if it does not describe the duty the named officer was discharging or attempting to discharge." *State v. Ellis*, 168 N.C. App. 651, 655, 608 S.E.2d 803, 806 (2005) (citing *State v. Dunston*, 256 N.C. 203, 204, 123 S.E.2d 480, 481 (1962)). Moreover, in discussing N.C. Gen. Stat. § 14-223, this Court has held that

> [i]n the offense of resisting an officer, the *resisting* of the public officer in the *performance* of some duty is the primary conduct proscribed by that statute and the particular duty that the officer is performing while being resisted is of paramount importance and is very material to the preparation of the defendant's defense[.]

*State v. Kirby*, 15 N.C. App. 480, 488, 190 S.E.2d 320, 325 (1972). Unlike the offense of resisting an officer in the performance of his duties, the offense of fleeing to elude arrest is not dependent upon the *specific* duty the officer was performing at the time of the offense. Therefore, the specific duty the officer was performing at the time of the offense is not an essential element of the offense of fleeing to elude arrest, as defined in N.C. Gen. Stat. § 20-141.5, and was not required to be set out in the indictment. This assignment of error is overruled.

*II*

[2] Defendant next argues the trial court erred in denying defendant's motion to dismiss the charge of reckless driving because the State failed to present substantial evidence of all elements of the charge. Specifically, defendant argues the State failed to present substantial evidence that defendant's operation of the motorcycle was at a speed or in a manner to endanger persons or property. We disagree.

In ruling on a motion to dismiss, the trial court is to consider the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn from that evidence. *State v. Bell*, 311 N.C. 131, 138, 316 S.E.2d 611, 615 (1984). The trial court must determine if the State has presented substantial evidence of each essential element of the offense. *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). "Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion." *State v. Parker*, 354 N.C. 268, 278, 553 S.E.2d 885, 894 (2001) (citation omitted).

Defendant was charged with the offense of reckless driving under N.C. Gen. Stat. § 20-140(b) which states: "[a]ny person who drives any vehicle upon a highway or any public vehicular area without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger *any* person or property shall be guilty of reckless driving." N.C. Gen. Stat. § 20-140(b) (2005) (emphasis added). This Court has further held in order to send a charge of reckless driving to the jury the State must introduce evidence as to "whether [defendant's] speed, or his manner of driving, endangered or was likely to endanger any person or property including himself, his passenger, his property, or the person or property of others[.]" *State v. Floyd*, 15 N.C. App. 438, 440, 190 S.E.2d 353, 354, *disc. review denied*, 281 N.C. 760, 191 S.E.2d 363 (1972).

Here, the State presented evidence that defendant was operating a motorcycle on a two-lane public road with a posted speed limit of forty-five miles per hour. Two officers estimated that defendant was driving at a speed of ninety miles per hour and later in excess of one-hundred miles per hour. One officer testified that defendant followed the officer's un-marked vehicle from a distance of approximately two to three feet from the rear end of the officer's vehicle. The officer further testified that defendant attempted to pass him on the left across a double yellow line in a curve and later attempted to pass him on the right along the shoulder of the road. The officer testified that defendant crossed the double yellow center line two or three times while attempting to pass on the left, and came into contact with the white line two or three times in attempting to pass on the right. This is sufficient evidence, when viewed in the light most favorable to the State, that defendant drove a motorcycle on a public highway without due caution and circumspection and at a speed and in a manner so as to endanger or be likely to endanger a person or property in violation of N.C. Gen. Stat. § 20-140(b). This assignment of error is overruled.

## III

**[3]** Defendant next assigns as error the trial court's denial of defendant's motion for appropriate relief to set aside the verdicts as being inconsistent. Defendant argues the verdict of not guilty of the charge of resisting arrest is not consistent with the verdict of guilty of the charge of misdemeanor flight to elude arrest because both were based on the identical conduct of defendant—his failure to stop. Likewise, defendant argues the verdict of not guilty of the charge of felony flight to elude arrest is inconsistent with the verdict of guilty of the charge of reckless driving because the aggravating factors alleged in the charge of felony flight to elude arrest were speeding in excess of fifteen miles per hour over the speed limit and reckless driving. Defendant argues these guilty verdicts and the judgments entered thereon must be vacated and the charges dismissed. Defendant, however, has not cited any authority in support of this assignment of error and it is deemed abandoned. "Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C. R. App. P. 28(b)(6); *See State v. Augustine*, 359 N.C. 709, 731 n.1, 616 S.E.2d 515, 531 n.1 (2005), *cert. denied*, —— U.S. ——, 165 L. Ed. 2d 988 (2006).

Additionally, we note that defendant's assignment of error is without merit even if this Court were to reach the merits of defendant's argument. "It is well established in North Carolina that a jury is not required to be consistent and that incongruity alone will not invalidate a verdict." *State v. Rosser*, 54 N.C. App. 660, 661, 284 S.E.2d 130, 131 (1981) (citing *State v. Brown*, 36 N.C. App. 152, 153, 242 S.E.2d 890, 891 (1978) ("Inconsistent verdicts do not require a reversal.")); *see also State v. Davis*, 214 N.C. 787, 794, 1 S.E.2d 104, 109 (1939) ("A jury is not required to be consistent and mere inconsistency will not invalidate the verdict."). Further, the United States Supreme Court has held that "[t]he fact that the inconsistency may be the result of lenity, coupled with the Government's inability to invoke review, suggests that inconsistent verdicts should not be reviewable." *United States v. Powell*, 469 U.S. 57, 66, 83 L. Ed. 2d 461, 469 (1984). This assignment of error is dismissed.

No error.

Judges McGEE and STEELMAN concur.