MURPHY, Judge.
 

 *586
 

 *52
 
 Defendant, Edward M. Alonzo, appeals his convictions of taking indecent liberties with a child and felony child abuse. These convictions result from the sexual conduct Defendant inflicted on his daughter, Sandy,
 
 [1]
 
 while the family resided in Fayetteville between 1990-1993. At issue is whether a trial court commits plain error by giving jury instructions that follow the present Pattern Jury Instruction, but are not in accordance with current law. Further, here, we must determine whether the trial court erred in excluding portions of Defendant's testimony under Rules 401 and 403. N.C.G.S. § 8C-1, Rules 401, 403. Upon review, we find no plain error, and no error, respectively.
 

 BACKGROUND
 

 Defendant began sexually molesting Sandy when she was only four years old. This assault continued as their military family moved throughout the United States and Europe. Despite Sandy informing her mother, Defendant's behavior persisted.
 

 In 2012, having obtained the age of majority, Sandy contacted local, federal, and military authorities across the country regarding the molestation she endured as a child. When Sandy contacted the Cumberland County Sheriff's Department, where the family resided in Fayetteville from approximately 1990-1993, they ultimately informed her that there is no statute of limitations for felonies in North Carolina.
 
 [2]
 

 *53
 
 A grand jury issued superseding indictments on 3 January 2017 against Defendant for taking indecent liberties with a child, felonious child abuse, and first degree statutory sexual offense. At trial, Ms. Alonzo (Defendant's ex-wife and Sandy's mother) testified that she witnessed Defendant molest Sandy sometime between December 1990 and January 1991, when Defendant was home on compassionate leave from the Army. Defendant attempted to testify that the reason for his compassionate leave was the rape of his other daughter by a neighbor. However, the trial court disallowed this testimony, deeming it both irrelevant and more prejudicial than probative. At the close of the trial, the judge instructed the jury using the Pattern Jury Instructions, including,
 
 inter alia
 
 , N.C.P.I.-Crim. 239.55B, the instruction for felonious child abuse.
 

 On 11 January 2017, Defendant was convicted of taking indecent liberties with a child and felonious child abuse. The jury found him not guilty of first degree statutory sexual offense.
 
 [3]
 
 Defendant timely appealed, focusing on the jury instructions and the trial court's decision to exclude portions of his proposed testimony.
 

 ANALYSIS
 

 A. Jury Instructions
 

 At trial, Defendant failed to object to the instructions regarding the charge of felonious child abuse by sexual act in violation of N.C.G.S. § 14-318.4(a2) (1991).
 
 [4]
 
 Therefore, the trial court's decision will only be overturned upon a finding of plain error.
 

 *587
 

 State v. Lawrence
 
 ,
 
 365 N.C. 506
 
 , 516,
 
 723 S.E.2d 326
 
 , 333 (2012).
 

 "[T]he North Carolina plain error standard of review [for jury instructions] applies only when the alleged error is unpreserved[.]"
 

 Id.
 

 "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result."
 
 State v. Jordan
 
 ,
 
 333 N.C. 431
 
 , 440,
 
 426 S.E.2d 692
 
 , 697 (1993).
 

 The trial court instructed the jury that:
 

 To find [Defendant] guilty of this offense the State must prove three things beyond a reasonable doubt: First, that
 
 *54
 
 [Defendant] was the parent of [Sandy]. Second, that at the time [Sandy] had not yet reached her 16th birthday. Third, that [Defendant] committed a sexual act upon [Sandy]. A sexual act is an immoral, improper or indecent act by [Defendant] upon [Sandy] for the purpose of arousing, gratifying sexual desire.
 

 These instructions track, almost precisely, the language of the North Carolina Pattern Jury Instruction, N.C.P.I.-Crim. 239.55B, the suggested instructions for the charge of felonious child abuse. "[T]he preferred method of jury instruction is the use of the approved guidelines of the North Carolina Pattern Jury Instructions."
 
 Caudill v. Smith
 
 ,
 
 117 N.C. App. 64
 
 , 70,
 
 450 S.E.2d 8
 
 , 13 (1994) (citation omitted).
 

 Defendant does not argue that the Pattern Jury Instruction is inapplicable to his case. Instead, Defendant takes issue with the language of the instruction and argues the definition of "sexual act" is incorrect, pointing to an inconsistency between the Pattern Jury Instruction and this Court's precedent. While Defendant's argument has merit, the error does not rise to the level of plain error here.
 

 1. Inaccuracy of Pattern Jury Instruction
 

 Defendant addresses a discrepancy between N.C.P.I.-Crim. 239.55B and our prior interpretation of a sexual act, as applied to N.C.G.S. § 14-318.4(a2). We have previously held that the definition of "sexual act" in N.C.G.S. § 14-318.4(a2) is the definition contained in N.C.G.S. § 14-27.1(4) (recodified as N.C.G.S. § 14-27.20(4) ).
 
 State v. Lark
 
 ,
 
 198 N.C. App. 82
 
 , 88,
 
 678 S.E.2d 693
 
 , 698 (2009). N.C.G.S. § 14-27.20(4) defines "sexual act" as:
 

 cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body: provided, that it shall be an affirmative defense that the penetration was for accepted medical purposes.
 

 The State argues, and Defendant concedes, that a later decision of this Court diverges from this definition of sexual act, declining to extend the N.C.G.S. § 14-27.1(4) definition to N.C.G.S. § 14-318.4(a2).
 
 State v. McClamb
 
 ,
 
 234 N.C. App. 753
 
 , 758-59,
 
 760 S.E.2d 337
 
 , 341 (2014) (citations omitted). As such, there is a conflict between our precedent. However, "when there are conflicting lines of opinions from this Court, we generally look to our earliest relevant opinion in order to resolve
 
 *55
 
 the conflict."
 
 State v. Meadows
 
 , --- N.C. App. ----, ----,
 
 806 S.E.2d 682
 
 , 693 (2017),
 
 cert. granted
 
 ---, N.C. ----,
 
 812 S.E.2d 847
 
 (2018). As we are bound by our earlier decision in
 
 Lark
 
 , the State's argument regarding
 
 McClamb
 
 is without merit.
 

 As a result, there is inconsistency between N.C.P.I.-Crim. 239.55B and our controlling interpretation of "sexual act" as applied to N.C.G.S. § 14-318.4(a2).
 
 See
 

 Lark
 
 ,
 
 198 N.C. App. at 88
 
 ,
 
 678 S.E.2d at 698
 
 . While the Pattern Jury Instruction allows a broader categorization of what qualifies as a "sexual act," our precedent defines the words more narrowly.
 
 Compare
 
 id.,
 
 with
 
 N.C.P.I.-Crim. 239.55B. We express concern about this split in definitions for "sexual act." This divergence indicates the necessity of updating the Pattern Jury Instructions to be in accordance with our precedent.
 
 Lark
 
 ,
 
 198 N.C. App. at 88
 
 ,
 
 678 S.E.2d at
 
 698 ; N.C.P.I.-Crim. 239.55B. The Pattern Jury Instruction's definition of sexual act must conform with this Court's definition in
 
 Lark
 
 .
 

 As binding precedent supports Defendant's claim of inaccurate jury instructions, we must now determine whether the trial court's use of the Pattern Jury Instruction constituted plain error.
 

 *588
 

 2. Prejudice
 

 In deciding whether this error in the Pattern Jury Instruction rises to the level of plain error, we first hold that Defendant's claim that "[t]he combination of the jury's verdicts finding [Defendant] not guilty of sex offense and guilty of ... the [child abuse] charge directly establishes" plain error is unconvincing. Defendant argues that the proper definition of sexual act for the felonious child abuse charge "would have mirrored" the instruction the jury received for sexual act in relation to Defendant's first degree statutory sexual offense charge.
 
 [5]
 
 Defendant alleges the not guilty verdict on the sexual offense charge demonstrates that the jury had reasonable doubt that Defendant penetrated Sandy, and, that had the
 
 Lark
 
 definition of sexual act been given for the child abuse instruction, Defendant would have been found not guilty of that crime as well. Defendant's prejudice argument focuses on this alleged "inconsistency" between the jury's verdicts.
 

 *56
 
 However, as inconsistent verdicts are not prima facie evidence of error, and as we are not convinced a proper jury instruction would have rendered a different verdict, we hold that the trial court's instructions did not prejudice the jury.
 
 Lawrence
 
 ,
 
 365 N.C. at 516
 
 ,
 
 723 S.E.2d at
 
 333 ;
 
 State v. Mumford
 
 ,
 
 364 N.C. 394
 
 , 398-401,
 
 699 S.E.2d 911
 
 , 914-16 (2010).
 

 While verdicts that are "inconsistent and contradictory" indicate error, "verdicts that are merely inconsistent" may be both grounded in logic and not erroneous.
 
 Mumford
 
 ,
 
 364 N.C. at 398-401
 
 ,
 
 699 S.E.2d at 914-16
 
 . To determine whether conflicting verdicts are "merely inconsistent," or both "inconsistent and contradictory," we must look to the relationship between the charges.
 

 Id.
 

 Erroneous jury decisions occur when contradictory verdicts are "mutually exclusive," one guilty finding eliminating the possibility of an accurate guilty verdict on the other charges.
 

 Id.
 

 (citations omitted). However, the charges Defendant faced, indecent liberties with a child, felonious child abuse, and first degree statutory sexual offense, were not "mutually exclusive" because "guilt of one [did not] necessarily exclude[ ] guilt of the other[s]."
 
 Id.
 
 at 400,
 
 699 S.E.2d at
 
 915 ;
 
 see
 

 State v. Farlow
 
 ,
 
 336 N.C. 534
 
 ,
 
 444 S.E.2d 913
 
 (1994) (establishing that the charges of indecent liberties with a child and first degree sexual offense are not mutually exclusive). Therefore, what Defendant proposes as inconsistencies within these jury verdicts, acquittal on the sexual offense charge, but guilty of the child abuse charge, does not rise to the level of plain error in the jury instructions.
 
 Mumford
 
 ,
 
 364 N.C. at 398-401
 
 ,
 
 699 S.E.2d at 914-16
 
 .
 

 Further, we are not convinced the jury would reach a different result had the proper jury instruction been given.
 
 Lark
 
 ,
 
 198 N.C. App. at 88
 
 ,
 
 678 S.E.2d at
 
 698 ; N.C.P.I.-Crim. 239.55B. "It is well established in North Carolina that a jury is not required to be consistent...."
 
 State v. Rosser
 
 ,
 
 54 N.C. App. 660
 
 , 661,
 
 284 S.E.2d 130
 
 , 131 (1981) (citations omitted). Since 1925, our Supreme Court has found validity in inconsistent jury verdicts, stating that:
 

 The offenses are designated in the statute separately, and while the jury would have been fully justified in finding the defendant guilty on both counts, under the evidence in this case, their failure to do so does not, as a matter of law, vitiate the verdict....
 

 State v. Sigmon
 
 ,
 
 190 N.C. 684
 
 , 691,
 
 130 S.E. 854
 
 , 857 (1925). Furthermore, throughout North Carolina jurisprudence, our appellate courts have reaffirmed the legitimacy of inconsistent jury verdicts.
 
 Rosser
 
 ,
 
 54 N.C. App. at 661
 
 ,
 
 284 S.E.2d at
 
 131 ;
 

 *57
 

 State v. Davis
 
 ,
 
 214 N.C. 787
 
 ,
 
 1 S.E.2d 104
 
 (1939) (upholding jury verdicts finding Defendant guilty of transporting liquor for the purpose of selling it, but not guilty of possessing liquor).
 

 As precedent dictates the validity of inconsistent verdicts, Defendant's argument of inconsistency indicating plain error fails to
 
 *589
 
 satisfy us "that absent the error, the jury probably would have reached a different result."
 
 Jordan
 
 ,
 
 333 N.C. at 440
 
 ,
 
 426 S.E.2d at 697
 
 . Therefore, we hold that the trial court's utilization of the Pattern Jury Instruction does not rise to the level of plain error.
 

 Lark
 
 's definition of "sexual act" as applied from N.C.G.S. § 14-27.1(4) to N.C.G.S. § 14-318.4(a2) remains binding on our review and results in a split between the Pattern Jury Instruction and current law.
 
 Lark
 
 ,
 
 198 N.C. App. at 88
 
 ,
 
 678 S.E.2d at 698
 
 . However, the trial court's decision to follow the Pattern Jury Instruction did not rise to the level of plain error as Defendant failed to demonstrate that the jury would have reached a different verdict had correct jury instructions been given, with the proper definition of "sexual act."
 
 Jordan
 
 ,
 
 333 N.C. at 440
 
 ,
 
 426 S.E.2d at 697
 
 .
 

 B. Exclusion of Testimony
 

 Defendant also appeals the trial court's exclusion of his proposed testimony regarding the sexual assault of his other daughter by a neighbor. Defendant alleges that his testimony concerning the sexual assault of his other daughter by a neighbor operates as substantive evidence of the fact that he did not sexually assault Sandy during his compassionate leave.
 
 [6]
 
 Defendant also alleges that this proposed testimony should have been allowed to impeach the testimony of Ms. Alonzo relating to her having witnessed Defendant sexually assault Sandy during his compassionate leave. On appeal, Defendant maintains that his testimony informing the jury of the sexual assault of his other daughter proves that he "would have been sufficiently deterred" from molesting Sandy during that same time period as "Ms. Alonzo [was] watching him like a hawk." Further, Defendant alleges that his testimony would "discredit[ ] Ms. Alonzo's testimony" that she saw him sexually assault Sandy, making her explanation for not contacting the police after witnessing his acts "less convincing."
 

 *58
 
 The trial court found Defendant's proposed testimony irrelevant under N.C.G.S. § 8C-1, Rule 401, and alternatively found that it did not satisfy the balancing test of N.C.G.S. § 8C-1, Rule 403. On appeal, the trial court's Rule 401 decisions are "given great deference."
 
 Dunn v. Custer
 
 ,
 
 162 N.C. App. 259
 
 , 266,
 
 591 S.E.2d 11
 
 , 17 (2004) (citation omitted). A trial court's ruling under Rule 403 's balancing test will not be disturbed absent an abuse of discretion.
 
 State v. Whaley
 
 ,
 
 362 N.C. 156
 
 , 160,
 
 655 S.E.2d 388
 
 , 390 (2008).
 

 1. Substantive Use
 

 a. Rule 401
 

 Defendant claims that his testimony regarding the unrelated sexual assault of his other daughter offers substantive, relevant evidence that he did not sexually molest Sandy during his compassionate leave. "In order to be relevant, the evidence must have a logical tendency to prove any fact that is of consequence in the case being litigated."
 
 State v. Griffin
 
 ,
 
 136 N.C. App. 531
 
 , 550,
 
 525 S.E.2d 793
 
 , 806 (internal quotation marks and citation omitted) (2000). Defendant, however, fails to establish how his proposed testimony concerning the sexual assault of his other daughter by another person would have the "logical tendency to prove" he was therefore less likely to assault Sandy.
 

 Id.
 

 As Defendant's arguments fail to establish this alleged correlation, his proposed testimony does not "have a logical tendency to prove" that Defendant would not have sexually molested Sandy.
 

 Id.
 

 ; N.C.G.S. § 8C-1, Rule 401. As we give "great deference" to the trial court, we decline to disturb the trial court's Rule 401 relevancy ruling.
 
 Dunn
 
 ,
 
 162 N.C. App. at 266
 
 ,
 
 591 S.E.2d at 17
 
 .
 

 b. Rule 403
 

 Further, assuming
 
 arguendo
 
 that Defendant's evidence regarding the sexual assault of his other daughter was relevant, the trial court did not abuse its discretion in excluding the testimony.
 
 Whaley
 
 ,
 
 362 N.C. at 160
 
 ,
 
 655 S.E.2d at
 
 390 ; N.C.G.S. § 8C-1, Rule 403. "A trial court may be reversed for abuse
 
 *590
 
 of discretion only upon a showing that its actions are manifestly unsupported by reason."
 
 White v. White
 
 ,
 
 312 N.C. 770
 
 , 777,
 
 324 S.E.2d 829
 
 , 833 (1985). Rule 403 requires the trial court to balance the prejudicial and probative value of any evidence, admitting only evidence that benefits rather than hinders the jury's deliberation. N.C.G.S. § 8C-1, Rule 403. The testimony concerning the sexual assault of another child by an unrelated, third-party had the potential to confuse the jury, outweighing any probative value, and it was therefore not an abuse
 
 *59
 
 of discretion for the trial court to exclude Defendant's testimony as it related to the production of allegedly substantive evidence.
 
 [7]
 

 2. Impeachment Use
 

 At trial and on appeal, Defendant also maintains that his testimony could have been used to impeach Ms. Alonzo's testimony that he sexually assaulted Sandy.
 

 a. Rule 401
 

 Defendant asserts that because Ms. Alonzo reported the sexual assault of their other daughter by a neighbor, she therefore would have reported any assault she witnessed him commit. Defendant further alleges that because Ms. Alonzo did not file any reports, the jury could have therefore determined there was no sexual assault. We agree with the State that Ms. Alonzo turning in a neighbor for sexual assault is entirely different, psychologically and emotionally, than turning in her husband. Without an established correlation between turning in neighbors and husbands for sexual assault, Defendant's proposed testimony does not "have a logical tendency to prove" that Ms. Alonzo was incorrect or untruthful in her testimony.
 
 Griffin
 
 ,
 
 136 N.C. App. at 550
 
 ,
 
 525 S.E.2d at 806
 
 . We decline to disturb the trial court's determination on the testimony's relevancy.
 

 b. Rule 403
 

 Further, the trial court did not abuse its discretion in excluding this testimony under Rule 403.
 
 Whaley
 
 ,
 
 362 N.C. at 160
 
 ,
 
 655 S.E.2d at
 
 390 ; N.C.G.S. § 8C-1, Rule 403. Rule 403 's balancing test mandates the exclusion of prejudicial or otherwise inapplicable evidence when "its probative value is substantially outweighed" by its prejudicial or inapplicable nature. N.C.G.S. § 8C-1, Rule 403. As previously stated, testimony concerning the sexual assault of another child by an unrelated, third-party had the potential to confuse the jury, outweighing any probative value. It was not an abuse of discretion for the trial court to exclude Defendant's proposed testimony as it related to the impeachment of Ms. Alonzo's testimony.
 

 CONCLUSION
 

 The current Pattern Jury Instruction concerning the definition of "sexual act" in N.C.G.S. § 14-318.4(a2) requires immediate attention by
 
 *60
 
 the North Carolina Conference of Superior Court Judges Committee on Pattern Jury Instructions or our Supreme Court. Clarity is necessary so that the law may be uniformly applied in all trials throughout the State. Here, however, the trial court's decision to utilize N.C.P.I.-Crim. 239.55B did not rise to the level of plain error. Additionally, we uphold the trial court's decision to exclude portions of Defendant's proposed testimony regarding the unrelated sexual assault of his other daughter by another person under Rule 401 and find it was not an abuse of discretion for the trial court to exclude this testimony under Rule 403.
 

 NO PLAIN ERROR IN PART; NO ERROR IN PART.
 

 Judge CALABRIA concurs.
 

 Judge ARROWOOD concurs in result only.
 

 [1]
 

 We refer to Defendant's daughter by a pseudonym as she was under the age of 18 at the time of the offenses.
 

 [2]
 

 State v. Taylor
 
 ,
 
 212 N.C. App. 238
 
 , 249,
 
 713 S.E.2d 82
 
 , 90 (2011) ("In [North Carolina] no statute of limitations bars the prosecution of a felony." (citation omitted) ).
 

 [3]
 

 First degree statutory sexual offense is defined as "a sexual act with a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim." N.C.G.S. § 14-27.29(a) (2017).
 

 [4]
 

 For the purposes of this case, there is no substantive difference between N.C.G.S. § 14-318.4(a2) (1991) and the versions applied in the cases cited in this opinion.
 

 [5]
 

 The definition of "sexual act" given for the first degree statutory sexual offense charge was "any penetration, however slight, by an object into the genital opening of a person's body." The proper definition for sexual act in relation to the felonious child abuse charge is, in pertinent part, "penetration, however slight, by any object into the genital or anal opening of another person's body."
 
 Lark
 
 ,
 
 198 N.C. App. at 88
 
 ,
 
 678 S.E.2d at 698
 
 .
 

 [6]
 

 At trial, Defendant argued that this part of his testimony would show that "he wouldn't have molested [Sandy] in Fayetteville because of the trauma, because of the all of the things that the family would have had to have gone through and that new ordeal, that new situation would have made him less likely to molest [Sandy]."
 

 [7]
 

 The trial court stated that "I don't find that [the proposed testimony] is more probative than would be, as the State has indicated, confusing to the jury why we're even delving into issues regarding the other daughter."